## HAZELTINE, Administrator, vs. CASE.

(1) RIPARIAN RIGHTS *as to use of water: Nuisance affecting watercourse.* (2) JUDGMENT AS BAR: *When one judgment not conclusive in another action.*

1. In an action by a lower against an upper proprietor on a small running stream, where the wrong alleged was that defendant, by keeping a large number of hogs enclosed in a yard on his premises upon such stream, and

Hazeltine, Adm'r, vs. Case.

so fouling the stream, had deprived plaintiff of his beneficial use of the water on his premises for culinary and other domestic purposes, the court charged the jury that each proprietor was entitled to the use and enjoyment of the stream in its natural flow, subject to its reasonable use by other proprietors; that each had an equal right to the use of the stream for the ordinary purposes of his house and farm, and for the purpose of watering his stock, even though such use might in some degree lessen the volume of the stream, or affect the purity of the water; that the lower proprietor had no superior right in this regard over the upper; that if, in its natural state, the stream was useful both for domestic uses and for watering stock, but the use for ordinary stock purposes was more valuable or beneficial for all the owners along the stream than the use for domestic purposes, then the less valuable must yield to the more valuable use; but that its reasonable use for all purposes should be preferred if possible; and that the jury must determine from all the facts, taking into account the size, nature and condition of the stream, whether the defendant made a reasonable and proper use of it. *Held*, on defendant's appeal, that there was no error in the instructions.

2. While an appeal by defendant from a judgment of a justice's court in plaintiff's favor, in this action (which was tried by the justice without a jury), was pending in the circuit court, plaintiff commenced a second action before the justice for damages accruing to him *after the date of this action*, from defendant's use of the water of the same stream so as to deprive plaintiff of his reasonable enjoyment thereof; his complaint containing averments very similar to those in this action, except as to time; and when the present action was tried, the second was pending in the circuit court on plaintiff's appeal from the justice's judgment, upon a verdict in defendant's favor. *Held*, that the judgment last named was not in any way conclusive as to the rights of the parties in this action.

APPEAL from the Circuit Court for *Sauk* County.

Action, commenced in justice's court July 28, 1877, to recover damages alleged to have accrued to the plaintiff as owner of land upon a natural watercourse, from the maintenance by defendant, upon his premises above those of plaintiff, on the same stream, of a hog-pen and hog-yard, in such a manner as to deprive plaintiff of the proper use of said stream, etc. The complaint alleges that said watercourse is a very small stream, fed by springs immediately above defendant's land; that its waters in their natural state are very pure,

cool and healthy, and had been used by the various riparian proprietors along the creek for culinary and domestic purposes, and particularly by plaintiff and his family, for the twenty-four years next previous to the injury alleged; that plaintiff's dwelling house, where he and his family then resided and had resided for twenty-four years, was about two rods from said stream, and about thirteen rods from the line between his and defendant's lands; that defendant, during the spring of 1877, constructed a hog-pen and hog-yard upon his land adjoining that of the plaintiff, and upon said stream, and, from that time continually to the commencement of the action, had kept a very large number of hogs in said pen and yard and in said stream, so that the waters of said stream came down to the plaintiff so foul and corrupted that they were unfit for use for any purpose whatever, and plaintiff was entirely deprived of the use of said stream. There were further allegations to show that defendant's hog-pen and hog-yard were a nuisance to the plaintiff and his family by rendering the atmosphere in and about his dwelling unwholesome and offensive.

The answer in the justice's court was a general denial. The trial there, which was without a jury, resulted in a judgment in plaintiff's favor for $16 damages. From this judgment defendant appealed to the circuit court. The answer was there amended by setting up a judgment in defendant's favor, rendered in an action commenced by the plaintiff in said justice's court, August 24, 1877. The character of this second action will appear from the opinion.

On the trial of this action in the circuit court, plaintiff had a verdict for $16 damages; a new trial was denied; and defendant appealed from a judgment on the verdict.

For the appellant, there was a brief by *Vilas & Bryant*, and oral argument by *Wm. F. Vilas*.

For the respondent, there was a brief by *John Barker* and *J. W. Lusk*, and oral argument by *Mr. Lusk*.

COLE, J.   The question whether the defendant made a law-
ful or reasonable use of the stream, under the circumstances,
was one for the jury to determine, upon the evidence.   The
learned circuit court stated to the jury certain principles of law
applicable to the use of water in running streams, a violation
of which would constitute a nuisance.   The court, in effect,
charged that each riparian proprietor was entitled to the use
and enjoyment of the stream in its natural flow, subject to its
reasonable use by other proprietors; that each proprietor had
an equal right to the use of the stream for the ordinary pur-
poses of his house and farm, and for the purpose of watering
his stock, even though such use might, in some degree, lessen
the volume of the stream or affect the purity of the water;
that the lower proprietor had no superior right in this regard
over a proprietor higher up on the stream, because each was
entitled to make a beneficial and reasonable use of the stream
in its natural state; that if, in its natural state, the stream
was useful both for domestic or household purposes and for
watering stock, but the use for ordinary stock purposes was
more valuable or beneficial for all the owners along the stream
than the use for domestic purposes, then the less valuable must
yield to the more valuable use; but that its reasonable use for
all purposes should be preserved, if possible.   And the jury
were told that they must determine from all the facts proven,
taking into account the size, nature and condition of the
stream, whether the defendant made a reasonable and proper
use of it by keeping a large number of hogs confined near it,
or permitting such animals to go into the stream and wallow
in the water.   This is the substance of the charge; and we do
not see that the defendant has any valid ground of objection
to it on this branch of the case.   For it seems fairly to have
submitted the question as to the reasonableness of the use of
the stream by the defendant, and whether he used the water,
under the circumstances, in a reasonable and proper manner.
This is all we deem it necessary to say in regard to a number

of exceptions taken to a refusal of the court to give certain instructions asked on the part of the defendant, as well as exceptions to the charge given on this point.

There was an instruction asked and refused, to the effect that, if the jury found from the evidence that the cattle of the plaintiff contributed to the fouling of the water complained of, there could be no recovery. We do not think there was any evidence to which such an instruction was properly applicable; and the refusal to give it, therefore, cannot be assigned as error. The more serious question arises on the refusal of the court to give the ninth and tenth instructions asked on the part of the defendant, which were as follows:

" 9. The judgment record given in evidence on the part of the defendant in this action is conclusive on the question of the right of the plaintiff to maintain this action, unless the jury find from the evidence that the use made by the defendant of the waters of the stream in question, and for which use the plaintiff complains in this action, was greater, or in some respects had a greater tendency to corrupt the waters of this stream, or in some other way inflicted greater injury upon the plaintiff, than the use complained of and litigated in the suit in which such judgment was rendered.

" 10. If the jury find from the evidence that the defendant continued to use the premises in question in the same way from the fore part of June to the time of commencing the second action by the plaintiff, the record of which was read to the jury, then the judgment in such second suit is conclusive evidence of the defendant's right to use the premises in question as he did, and the verdict must be for the defendant."

In order to understand the bearing of these instructions upon the case, it is necessary to state that this action was commenced in a justice's court on the 28th of July, 1877. The answer was a general denial. The plaintiff, on the trial, recovered a judgment for sixteen dollars damages, and the defendant removed the cause by appeal to the circuit court,

where the judgment was rendered from which this appeal is taken. On the 24th of August, 1877, the plaintiff commenced another action in a justice's court, claiming damages therein for the continuance of the nuisance from the commencement of this action up to the commencement of the second suit. There was a jury trial of the second action, and judgment rendered for the defendant. The plaintiff appealed from that judgment to the circuit court, where the action is now pending. The defendant, on leave granted, amended his answer herein in the circuit court, and pleaded the judgment in the second suit as a bar to this action. He also, on the trial, offered in evidence the record in the second suit, claiming that it was conclusive upon the question of his right to use the stream in the manner he had used it. The circuit court, however, ruled against that view of the law, holding that the judgment in the second suit was no bar, and did not operate either by way of estoppel or in abatement of this action. In that opinion of the learned circuit court we fully concur. We are unable to perceive how, under the circumstances, the judgment in the second action can be a bar to the first. Both actions are pending undecided in the circuit court, and are really for different grievances. There is no more reason for saying that the judgment in the second suit established the fact that the use of the stream by the defendant was lawful, than that the judgment in the first established the fact that such use was a nuisance. The second action was for a continuance of the nuisance, damages only being claimed from the commencement of the first suit. It is a familiar principle that a new action may be brought for the continuance of a nuisance (*Hodges v. Hodges*, 5 Met., 205), and it well might be that the use of the stream by the defendant prior to the commencement of the first suit amounted to a nuisance, while the use for the period stated in the second action was reasonable and proper. Indeed, as the judgments in the two cases before the justice were different, the presumption is that

the facts in the two cases were different, the evidence showing the use of the stream in the first case to be unlawful, and in the second to be lawful and reasonable. On this point, the learned counsel for the defendant invoked the support of the well established doctrine, that a former judgment in an action between the same parties or their privies on the same subject matter, is conclusive upon the question decided, and of every fact essential to the adjudication. Here, he insists that the question litigated and found against the plaintiff by the judgment against him was, the reasonableness of the use of the stream by the defendant. He says that it was the same injury complained of in both cases; that the right litigated in the two cases, and the evidence so far as it affected that right, were identical; consequently, while the judgment in the second suit stands undisturbed, it is conclusive upon the right of the defendant to use the stream as he has done. But, as we have already remarked, this view seems incorrect. From different judgments in the two cases we must presume there was a different state of facts in each case. The appeals from the judgments of the justice would be attended by the same legal consequences as far as the judgments themselves were concerned. And if the judgment in the one case stands undisturbed, so does the judgment in the other. We perceive no ground for making a distinction, so far as the judgments are concerned. For this reason, we think the rule of law invoked does not apply. For there would seem to be the same ground for holding that the judgment in the first action before the justice established the fact that the use of the stream by the defendant amounted to a nuisance, as that the judgment in the second established the fact that such use was lawful. There is no rational way of accounting for the different judgments in the two cases, except upon the presumption that the evidence showed a different use. It is obvious that a nuisance may have existed when the first action was brought, which had been abated during the period stated in the second.

The question litigated in the second suit would not necessarily be the same as that which had previously been passed upon. And, considering the different judgments, we must presume that the facts were different, and that the proof as to the use was different. As both suits were in the same situation, pending on appeal, we do not well see how the second could be held under the circumstances to be a bar to this action. We therefore think there was no error in the refusal of the court to give the instructions above quoted.

*By the Court.* — The judgment of the circuit court is affirmed.

RYAN, C. J., took no part.