THE STATE, EX REL. BOARD OF HEALTH OF IRVINGTON,

*v.*

HERMAN H. A. SCHMIDT.

[Decided April 6th, 1914.]

1. It is not necessary that a public nuisance should be injurious to health; if there be smells offensive to the senses, that is enough, as the neighborhood has a right to fresh and pure air.

2. By section 28 of the Health act (*Comp. Stat. p. 2668*) providing that any local board of health, instead of resorting to the summary method of abatement, may file a bill for an injunction to prohibit the continuance

of a nuisance "hazardous to the public health," the statutory test is not injury but hazard. The proof must show a nuisance—not, necessarily, *injurious* to health but likely to be, or that may by the operation of chance or hazard become so.

3. A piggery containing throughout the year from fifty to one hundred pigs, large and small, creating an odor perceptible within a radius of one thousand feet under certain conditions of the wind and weather, and growing stronger as the distance from the pen diminishes, possesses the characteristics of a public nuisance, it appearing that the odor pervades a neighborhood made up of dwelling-houses; has caused loss of appetite, headaches. and nausea to several of the neighbors; is at times perceptible in a public street and is instrumental in breeding great quantities of flies which at times are seen to swarm upon the fence bordering the highway, and might, in case of an outbreak of typhoid fever, cholera or some other kinds of disease, act as carriers.

4. The mere fact that the odor is not noticed by or does not affect some of the neighbors, does not show that it is not a nuisance to others.

*Messrs. Lambert & Stewart,* for the complainant.

*Messrs. Riker & Riker,* for the defendant.

STEVENS, V. C.

That the piggery in question, containing throughout the year from fifty to one hundred pigs, large and small, is a private nuisance is proved beyond question. The contention is that it is not a public nuisance—such a nuisance as is indictable. *State* v. *Du Pont de Nemours Powder Co., 79 N. J. Eq. 32.* In *State* v. *Uvalde Asphalt Paving Co., 68 N. J. Law 512,* it is said that if the indictment lay the nuisance as being committed near a highway and also near several dwelling-houses, it is sufficient. In *Rex* v. *Neil, 2 C. & P. 485,* in a passage quoted in *1 Russ. Cr. & M. \*319,* Chief-Justice Abbott said: "It is not necessary that a public nuisance should be injurious to health; if there be smells offensive to the senses, that is enough, as the neighborhood has a right to fresh and pure air."

By section 28 of the Health act.(*Comp. Stat. p. 2668*) it is provided that any local board of health instead of resorting to the summary method of abatement, may file a bill for an injunction to prohibit the continuance of a nuisance "hazardous to the public health." The statutory test is, therefore, not in-

jury but hazard. The proof must show a nuisance—not, necessarily, *injurious* to health but likely to, or that may by the operation of chance or hazard become so.

In the case under consideration the odor is perceptible within a radius of one thousand feet under certain conditions of the wind and weather, and it grows stronger as the distance from the pen· diminishes. It appears to possess the characteristics of a public nuisance, in that it pervades a neighborhood made up of dwelling-houses; has caused loss of appetite, headaches and nausea to several of the neighbors; is at times perceptible in a public street, and is instrumental in breeding great quantities of flies that at times are seen to swarm upon the fence bordering the highway, and might in case of an outbreak of typhoid fever, cholera or some other kinds of disease, act as carriers.

While the evidence shows that the floor of the pen is cemented and that considerable pains are taken to keep it clean, it is nevertheless true, unless I am to discredit the testimony of a considerable number of credible persons living in the neighborhood, that the precautions taken are not entirely effective. The mere fact that the odor is not noticed by or does not affect some of the neighbors does not show that it is not a nuisance to others. I think there must be an injunction.