The relators, the board of health of Caldwell township, bring this suit to enjoin the defendants from interfering with the relators in clearing out a ditch through the lands of defendants. The ditch in question is part of one running through the lands of defendants and in length is about seven thousand two hundred feet. At least part of the land of defendants is low and soggy. The portion running through their lands is an old ditch which has been partly filled up with debris and in addition has recently been blocked in one part by the defendants who filled it so at to enable them to cross it. As a result, pools of stagnant water form on defendants' land and constitute breeding places for mosquito larvae. The relators cleared out all of the seven thousand two hundred feet of ditch except that on defendants' land. They were prevented by defendants from completing the work. Defendants resist this application on the ground that the conditions do not constitute a nuisance within the meaning of the statute conferring power upon this court to grant relief to abate a nuisance on suit by the board of health, conferred by sections 28 and 29 of the Health act. Defendants also contend that the suitable and proper way to drain the tract of land on which their farm is situated is by another and shorter ditch in another direction.
I think it is clear from the statutes that the conditions described constitute a nuisance within the meaning of the cited sections of the Health act. It was shown to my satisfaction that the creation of the pools of stagnant water are hazardous to public health because of their furnishing breeding grounds for mosquitos. It has been held that conditions hazardous to the public health referred to in the statutes need not necessarily mean those proven to be actually injurious but likely to become a menace to health. State, ex rel. Board of Health v. Schmidt,83 N.J. Eq. 35.
The relators introduced engineering testimony to the effect that clearing out the ditch and removing the obstruction in connection with the work already done elsewhere would give a sufficient fall to drain the lands in question. The relators *Page 509 
offer not only to do this work at their own expense, but to put in a suitable culvert over the ditch so as to provide a proper crossing for defendants' wagons. A decree will be advised granting to relators the relief prayed for.