Demarest v. Hardham.

NICHOLAS J. DEMAREST and LAWRENCE J. KEEFE

v.

LAWRENCE J. HARDHAM.

1. Several persons may join in a suit to restrain a nuisance which is common to all, and affects each in the same way; but where several persons owning distinct parcels of land, or occupying different dwellings, and having no common interest, seek to restrain a nuisance in consequence of the special injury done to each particular property, each must bring a separate suit, and obtain relief, if at all, on his own special wrong.

2. Relief by injunction to restrain a business in itself lawful, is not a matter of right, but rests in discretion. If the legal right is not clear, or the injury is doubtful, eventual or contingent, equity will give no aid.

3. If the fact of an actionable nuisance is established, the court is bound to compare consequences, and if it appears doubtful whether greater injury will not be done by granting than by withholding the injunction, it is the duty of the court to decline to interfere.

4. The law does not regard every trifling injury or annoyance as an actionable nuisance. No man is under a legal duty to consult the taste or preferences of his neighbor in the use of his property, but he is bound to respect his neighbor's legal rights.

5. In such cases, the court should consider the customs of the people, the nature and character of their employments, the uses to which they generally devote their property, and the circumstances and surroundings of the business which is alleged to be a nuisance. What would constitute a nuisance in one place would be perfectly legitimate in another.

6. Complainants and defendant occupied adjoining buildings, the walls touching in places. The force of the defendant's machinery caused the building of the complainants to vibrate to such an extent as to seriously interfere with the business of the complainants.—*Held*, that the defendant was guilty of a nuisance which it was the duty of the court to restrain.

On final hearing on bill and answer, and proofs taken in open court.

*Mr. George W. Hubbell*, for complainants.

*Mr. John R. Emery*, for defendant.

Demarest v. Hardham.

VAN FLEET, V. C.

This suit is brought to restrain a nuisance. The complainants and defendant occupy adjacent buildings on the north side of Market street, in the city of Newark. The complainants manufacture harness in theirs, and the defendant carries on the printing and book-binding business in his. The complainants are copartners. Each building stands as close up to the line dividing the lots on which they are built as the walls could well be built, and consequently the west wall of the complainants' building, in some places, comes in contact with the east wall of the defendant's building. The defendant has possession of the second, third and fourth floors of the building he occupies, and generates and expends the steam power he uses on the third floor. He has there a twelve-horse power engine with boiler attached, and six printing presses—four operated by steam, and two by hand. This machinery is so placed that its power is exerted in lines running east and west, in other words, across the building, and not longitudinally, and consequently the west wall of the complainants' building is compelled to receive whatever shock is produced by its force.

The bill alleges that the force which the machinery expends against the complainants' building is so great that it causes an oscillation of a quarter of an inch, and that the shaking and jarring thus produced has caused the east wall to crack, and to deflect from its original position to such an extent as to weaken

NOTE.—In the following cases, *vibration*, either alone or in connection with noise, smoke, soot &c., was held to be a nuisance: *Wood on Nuisance* §§ 553–568 ; *McKeon* v. *See*, *28 How. Pr. 238, 4 Robt. 449, 51 N. Y. 300 ; Wesson* v. *Washburn Manuf. Co., 13 Allen 95 ; Dennis* v. *Eckhardt, 3 Grant's Cas. 390, 54 Pa. St. 274, 2 Am. Law Reg. (N. S.) 166 ; Wallace* v. *Auer, 10 Phila. 356 ; Dittman* v. *Repp, 50 Md. 516 ; Robinson* v. *Baugh, 31 Mich. 290 ; Farrell* v. *Foster, 34 Leg. Int. 88 ; Scott* v. *Firth, 4 F. & F. 349 ; Crump* v. *Lambert, L. R. (3 Eq.) 409 ; Heather* v. *Pardon (1878), Eng. Ch. Div. 17 Alb. L. J. 17 ; Barlow* v. *Kinnear, 2 Kerr 94 ; Ball* v. *Ray, L. R. (8 Ch.) 467.* But see *Mumford* v. *Oxford Railway Co., 36 E. L. & E. 580, 1 H. & N. 34 ; Gilbert* v. *Showerman, 23 Mich. 448 ; Green* v. *Lane, 54 Miss.540 ; Goodall* v. *Crofton, 33 Ohio St. 271 ; Pool* v. *Coleman, 8 Daly 113.*

As to the rumble and jarring of railroad cars, see *Wood on Nuisance* § *748 ;*

Demarest v. Hardham.

the whole building and endanger its safety and stability. It is also alleged that the motion of the machinery produces a vibration in the complainants' building so constant and serious as to materially obstruct and interfere with them in the prosecution of their business. All their workmen, it is charged, are more or less affected by it. To some it gives headache, and in others it produces sickness at the stomach, and it prevents all from doing their work in comfort and quiet.

Two distinct injuries, it will be observed, are alleged: one affecting the building alone, and the other the business carried on in the building. The complainant, Nicholas J. Demarest, is sole owner of the building. The other complainant, Lawrence J. Keefe, has no interest in it except as lessee, and the fact that he is lessee appears only by inference. He certainly can have no relief for any injury which may have been done, or which it may be apprehended will be done, to the reversion. The duration of his term yet to come, whether a month or ten years, is a thing about which the evidence furnishes no information whatever.

Several persons may join in a suit to restrain a nuisance which is common to all and affects each in the same way. For example, if a slaughter-house is erected in a populous part of a town, and the offensive and deleterious odors there generated are allowed to diffuse themselves throughout the neighborhood, all injuriously affected by them may join in the same suit; for in such case the

*First Baptist Church* v. *Schenectady R. R.*, 5 *Barb*. 79 ; *First Baptist Church* v. *Utica R. R.*, 6 *Barb*. 311 ; *Williams* v. *New York Central R. R.*, 18 *Barb*. 222 ; *Randle* v. *Pacific R. R.*, 65 *Mo*. 325 ; *Sparhawk* v. *Union R. R.*, 57 *Pa*. *St*. 374 ; or noise and hammering in a forge, *Ray* v. *Lynes*, 10 *Ala*. 63 ; *Doellner* v. *Tynan*, 38 *How*. *Pr*. 176 ; *Norcross* v. *Thoms*, 51 *Me*. 503 ; *Whitaker* v. *Hudson* (*Ga.*), 10 *Cent*. *L*. *J*. 397 ; *Butler* v. *Rogers*, 1 *Stock*. 487 ; *Fish* v. *Dodge*, 4 *Denio* 311.

An acquittal on an indictment is no bar to a subsequent injunction for the same nuisance, *Minke* v. *Hopeman*, 87 *Ill*. 450. See *Crowder* v. *Findler*, 19 *Ves*. 616 ; *Atty.-Gen*. v. *Nichol*, 3 *Meriv*. 686, 16 *Ves*. 333 ; *Ollendorff* v. *Black*, 4 *De G. & Sm*. 211 ; *Hyatt* v. *Myers*, 73 *N. C.* 232 ; *Taylor* v. *Commonwealth*, 29 *Gratt*. 780 ; *Hazeltine* v. *Case*, 46 *Wis*. 391 ; *Eastman* v. *Amoskeag Co*, 47 *N. H.* 71 ; *Bassett* v. *Salisbury Co.*, *Id*. 426 ; *Penn. Lead Co.'s Appeal*, 11 *Reporter* 246 ; *Saull* v. *Browne*, *L. R.* (*10 Ch*.) 64.—Rep.

injury is a common one, and the object of the suit would be to give protection to each suitor in the enjoyment of a common right. But that is not the case where several persons, owning distinct parcels of land, or occupying different dwellings, and having no common interest, seek to restrain á nuisance in consequence of the special injury which it does to his particular property. In such cases each must bring a separate suit, and obtain relief, if at all, on his own special wrong. *Davidson* v. *Isham, 1 Stock. 186 ; Morris and Essex R. R. Co.* v. *Prudden, 5 C. E. Gr. 530.* Several occupiers of houses in town cannot sue as co-plaintiffs to restrain the erection of a steam engine, which would be a nuisance to each. *Hudson* v. *Maddison, 12 Sim. 416.* In Davidson *v.* Isham, Chancellor Williamson held that several persons cannot unite distinct individual cases, and by such combination make out a case which neither could establish separately if he were required to sue alone.

This suit having been brought by two, the complainants are bound, in order to succeed, to show a joint injury, such as will entitle them to joint relief. If either has succeeded in establishing a strong case of separate individual wrong, he can have no relief under the present bill, for, according to the settled practice of the court, two persons have no right to make a joint complaint for any injury except one common to both. This conclusion, fortunately, works no loss or delay in this particular case, for I regard it as entirely clear, on the evidence, that no such case of injury, or even danger to the safety or stability of the building, has been shown as would entitle the complainant Demarest to an injunction if this suit had been brought by him alone.

The important question presented by the case is, does the manner in which the defendant conducts his business interfere with or injure the business of the complainants to such an extent as to create a nuisance which it is the duty of a court of equity to enjoin ? The defendant's business is not only lawful, but necessary. It is carried on in a part of the city of Newark devoted almost exclusively to manufacturing and business purposes. No objection can therefore be made to it on the ground that its

Demarest *v.* Hardham.

location is not a fit one. It is not necessarily or inherently noxious, offensive or injurious. It should not, therefore, be enjoined except under a stern necessity. The complainants ask that it be absolutely interdicted, their prayer being that the defendant be restrained from further operating his engine and presses. To grant their prayer is to destroy the defendant's business. Power attended with such disastrous consequences should always be exercised sparingly, and with the utmost caution. All doubts should be resolved against its exercise. *Attorney-General* v. *Nichol, 16 Ves. 338.* Relief by injunction, in such cases, is not a matter of right, but rests in discretion. If the legal right is not clear, or the injury is doubtful, eventual or contingent, equity will give no aid. *Richards's App., 57 Pa. St. 105; Rhodes* v. v. *Dunbar, Id. 274; Huckenstine's App., 70 Pa. St. 102.*

And so, too, the court is bound to compare consequences. If the fact of an actionable nuisance is clearly established, then the court is bound to consider whether a greater injury will not be done by granting an injunction, and thus destroying a citizen's property and taking away from him his means of livelihood, than will result from a refusal, and leaving the injured party to his ordinary legal remedy; and if, on thus contrasting consequences, it appears doubtful whether greater injury will not be done by granting than by withholding the injunction, it is the duty of the court to decline to interfere. *Hilton* v. *Earl of Granville, 1 Cr. & Ph. 283.* The duty of granting or refusing an injunction is a matter resting in sound discretion. It should never be granted when it will operate oppressively, or contrary to the real justice of the case, or where it is not the fit and appropriate method of redress under all the circumstances of the case, or when it will or may work fatal injury to the person enjoined. *Jones* v. *City of Newark, 3 Stock. 452.* Mr. Justice Depue, speaking for a majority of the judges of the court of errors and appeals, in *Morris and Essex R. R. Co.* v. *Prudden, supra,* said:

"It must be a strong and mischievous case of pressing necessity, or the right must have been previously established at law, to entitle a party to an injunction; * * * * and the writ ought not to be granted where the benefit secured by it to one party is of but little importance, while it will

operate oppressively, and to the great annoyance and injury of the other, unless the wrong complained of is so wanton and unprovoked in its character as properly to deprive the wrong-doer of the benefit of any consideration as to its injurious character."

No rule can be framed which will accurately define what acts or facts will constitute a nuisance in every possible contingency. Each case must be decided on its own peculiar facts. There can be no doubt that a lawful business, which is not inherently a nuisance on account of its offensive character, may be so conducted as to render it a nuisance which equity will restrain. The maxim *sic utere tuo ut alienum non lœdas*, undoubtedly expresses the general fundamental rule, but it is also true that the law does not regard every trifling injury or annoyance as an actionable nuisance. Things merely disagreeable, which simply displease the eye, or offend the taste, or shock an over-sensitive or fastidious nature, no matter how irritating or unpleasant, are not nuisances. No man is under a legal duty to consult the taste or preferences of his neighbor in the use of his property, but he is bound to respect his neighbor's legal rights. He cannot fill his neighbor's house with smoke, nor the air, which his neighbor has a right to breath pure and unpolluted, with nauseous or deleterious odors, nor can he throw soot or cinders into his neighbor's house or door-yard to such an extent as to deprive him of the free and full enjoyment of his property. *Ross* v. *Butler, 4 C. E. Gr. 294; Cleveland* v. *Citizens Gas Light Co., 5 C. E. Gr. 201; Duncan* v. *Hayes, 7 C. E. Gr. 25.* Nor will equity permit him, in the prosecution of his business, to use machinery of such weight and power as causes a vibration in the premises of his neighbor of such extent and force as to seriously annoy and disturb his neighbor and materially interfere with him in carrying on his business. *Sturges* v. *Bridgman, L. R. (11 Ch. Div.) 852.*

Perhaps the most accurate statement of the rules to be observed in deciding the question whether a business is so conducted as to render it a nuisance or not, is that given by Mr. Justice Mellor in charging a jury at the Liverpool assizes in 1863. He said:

" Every man is bound to use his own property in such a manner as not to

Demarest v. Hardham.

injure the property of his neighbor.  *   *   *   *   But the law does not regard trifling inconveniences; everything must be looked at from a reasonable point of view; and therefore, in an action for nuisance to property,  *   *
*   *   the injury, to be actionable, must be such as visibly to diminish the value of the property, and the comfort and enjoyment of it.  In determining whether a nuisance exists or not, the time, locality and all the circumstances should be taken into consideration.  In counties where great works have been erected and carried on, which are the means of developing the national wealth, persons must not stand on extreme rights, and bring actions in respect of · every matter of annoyance, for if they do, business cannot be carried on in those places."

This direction was approved, first, by the court of queen's bench (*Tipping* v. *St. Helen's Smelting Co.*, *4 B. & S. 608*), and, afterwards, by the exchequer chamber (*4 B. & S. 616*), and, finally, by the house of lords.  *St. Helen's Smelting Co.* v. *Tipping, 11 H. L. Cas. 642.*  This must be regarded as a final settlement of the law in England.

The court should always, in cases of this kind, consider the customs of the people, the nature and character of their employments, the uses to which they generally devote their property, and the circumstances and surroundings of the business which is alleged to be a nuisance.  What would constitute a nuisance in one place would be perfectly legitimate in another.  The rights and comfort of the complainant must not be looked at alone. The rights and interests of his neighbors must also be regarded.

"Whether a thing is a nuisance or not," says Lord Justice Thesiger, in *Sturges* v. *Bridgman, supra,* "is a question to be determined not merely by an abstract consideration of the thing itself, but in reference to its circumstances. What would be a nuisance in Belgrave Square would not necessarily be so in Bermondsey; and where a locality is devoted to a particular trade or manufacture, carried on by the traders or manufacturers, in a particular and established manner, not constituting a public nuisance, judges and juries would be justified in finding, and may be trusted to find, that the trade or manufacture so carried on in that locality is not a private or actionable wrong."

The principle to be deduced from the authorities I understand to be this: that an injunction to restrain a lawful business, on the ground that it is so conducted as to render it a nuisance, should never be granted, except the complainant shows an inva-

sion of a clear legal right, resulting in permanent and serious injury, which cannot be adequately redressed by action at law, and that the allowance of the writ will not inflict upon the defendant a more serious injury than the complainant will sustain if the writ is denied and he be left to his ordinary legal remedy. Equity takes cognizance of a nuisance which is permanent in its character, or which produces a constantly recurring grievance, more readily than any other.

The only duty remaining is to apply the law to the facts of this case. There can be no doubt that the complainants have an unquestioned right to pursue their business without obstruction or interference by the defendant. Among the fundamental rights of the citizens of this state are those of acquiring, possessing and protecting property. If the defendant conducts his business in such manner that he constantly and seriously annoys and disturbs the complainants, when engaged in the regular prosecution of their business, on their own premises, and thus, in a material degree, injures their business by depriving them and their workmen of the comfort and quiet they would otherwise enjoy, it is plain, I think, that the wrong the complainants sustain at the defendant's hands is the proper subject of equity cognizance and redress.

The proofs show that the vibration produced in the complainants' building by the defendant's machinery is so great, at times, as actually to render it impossible to do certain kinds of work there. One witness says, when the vibration is greatest, the floor seems to creep under his feet, and he cannot write at all; and the book-keeper says it prevents him, at times, from making marks with his pen that he ought to make. Several of the complainants' employees were examined as witnesses. They all swore they were more or less disturbed by the vibration. To some it gives a headache, or produces a dizzy sensation; in others, it produces nausea, closely resembling sea-sickness, and several say that when the motion is strongest they find it impossible to do such parts of their work as require a steady hand and a keen eye, as delicate stitching and exact cutting in curved or irregular lines. One swears that on several occasions he has been

Demarest *v.* Hardham.

compelled, in consequence of the vibration, to take his work to his dwelling and do it there. The vibration causes everything pendent about the building to oscillate like the pendulum of a clock. The actual deflection of the walls is not shown to be over one-eighth to three-sixteenths of an inch. I confess I find it difficult to believe that so much disturbance can be produced by so slight a deflection. But I am not at liberty to decide the case on a theory or deduction based on a single fact, but must find the fact according to the truth as established by the evidence as a whole. Unless the complainants' witnesses, without exception, have exaggerated the effect of the vibration to such an extent as to render their stories downright falsehoods, it must be taken as an established fact in the case that the vibration very sensibly and materially interferes with the complainants in the prosecution of their business.

My judgment is that the defendant is guilty of a nuisance which it is the duty of this court to redress. But this conclusion does not necessarily involve the destruction of the defendant's business. The injury to the complainants, in my judgment, is caused solely by the position of the machinery. As already stated, it is now placed so that its whole force is expended across the defendant's building and directly against that occupied by the complainants. To me it seems very plain that if it is changed, so that its force shall be expended longitudinally with the building, and not transversely, the injury the complainants now suffer will be remedied, and all cause of complaint removed. That is the unanimous opinion of all the experts who have spoken upon the subject.

A decree will be advised directing the defendant to change the position of his machinery in accordance with the view above indicated, or that an injunction shall issue restraining him from operating any machinery in the building occupied by him to such an extent as shall produce a vibration in the complainants' building sufficient to annoy or disturb them in the conduct of their business. The complainants are entitled to costs.