MICHAEL NOWAK et al.

*v.*

ERNESTINA BAIER et al.

[Heard October 10th. 1910.   Determined October 14th, 1910.]

1. A business may become a nuisance, where it is not conducted with due regard to the rights of surrounding property owners, and renders the enjoyment of their property impossible.

2. An injunction to restrain a lawful business as a nuisance should not be granted, unless the conduct of the business invades a clear legal right of another, resulting in serious and permanent injury, which cannot be adequately compensated at law, and the granting of such relief will not inflict more serious injury upon defendant than its refusal will cause complainant.

3. Where the evidence leaves it at least doubtful whether complainant will suffer irreparable injury from the conduct of defendant's business, a preliminary injunction restraining the continuance of the business will be refused.

On bill, &c., for injunction. Hearing at return of order to show cause.

*Messrs. Stackhouse & Kramer,* for the complainants.

*Mr. Ralph W. E. Donges,* for the defendants.

LEAMING, V. C.

The decisions of the courts of this state have so clearly defined the relative rights and duties of householders and manufacturers that a mere citation of a few of the cases seems adequate for present purposes. In general it may be said that while a person is entitled to the enjoyment of his property in the lawful pursuit of a business, that business must be conducted with due regard to the well-recognized rights of surrounding property owners; when such business becomes creative of conditions which clearly render the appropriate enjoyment of surrounding properties impossible, the rights of others are invaded. The following decisions of the courts of this state define the application of this rule with clearness: *Ross* v. *Butler, 19 N. J. Eq. (4 C. E. Gr.) 294; Cleveland* v. *Citizens Gas Light Company, 20 N. J. Eq. (5 C. E. Gr.) 201; Meigs* v. *Lister, 23 N. J. Eq. (8 C. E. Gr.) 199; First Methodist Church of Cape May* v. *Cape May Grain Company, 73 N. J. Eq. (3 Buch.) 257; Seligman* v. *Victor Talking Machine Co., 71 N. J. Eq. (1 Buch.) 697; affirmed, 72 N. J. Eq. (2 Buch.) 946.*

The right to equitable relief is defined by Vice Chancellor Van Fleet in *Demarest* v. *Hardham, 34 N. J. Eq. (7 Stew.) 469, 475,* as follows:

"The principle to be deduced from the authorities I understand to be this: that an injunction to restrain a lawful business, on the ground that it is so conducted as to render it a nuisance, should never be granted, except the complainant shows an invasion of a clear legal right, resulting in permanent and serious injury, which cannot be adequately redressed by action at law, and that the allowance of the writ will not inflict upon the defendant a more serious injury than the complainant will sustain if the writ is denied and he be left to his ordinary legal remedy. Equity takes cognizance of a nuisance which is permanent in its character, or which produces a constantly recurring grievance, more readily than any other."

The affidavits filed in behalf of defendant in this case render it at least doubtful whether complainant can be said to suffer irreparable injury from the acts of defendant; under these conditions a preliminary injunction must be denied.

I will advise an order discharging the order to show cause. Costs may abide the event at final hearing.