ELLEN E. HARRIGAN

*v.*

SINCLAIR & VALENTINE COMPANY.

[Decided October 19th, 1915.]

An ink factory emitting noxious and unwholesome fumes, causing irritation of the throat and sometimes vomiting spells, and rendering living in the vicinity unbearable, in respect to physical comfort, and destructive to health, in view of the situation of the dwelling of complainant along the palisades, at the foot of which the factory was located, will be enjoined as a nuisance.

*Mr. William E. Ellis* and *Mr. William B. Gourley,* for the complainant.

*Mr. Robert H. McCarter* and *Mr. George W. C. McCarter,* for the defendant.

LEWIS, V. C. (orally).

Counsel for the defendant having stated that they do not desire an appeal, I will briefly indicate my views so that there may be no further delay:

The application is that an injunction may issue restraining the Sinclair & Valentine Company, a corporation doing an ink business in the borough of Edgewater, from maintaining a nuisance upon its premises. The complainants, Mrs. Ellen E. Harrigan and a large number of the residents of the place, property owners, allege that there issue from the defendant's property noxious and unwholesome fumes which render living in the vicinity of it not only unbearable, so far as physical comfort goes, but destructive to health. A very large number of witnesses have appeared in support of the complainant. They uniformly testified that they had detected the fumes almost daily and related the effect it had upon them. Almost invariably these witnesses stated that they had suffered from irritation of the throat while the fumes were passing through the air, and in some cases it resulted in violent vomiting spells. Many dates have been given upon which the fumes were seen, and an attempt has been made by the defendant corporation to show that at some of these times they were not operating the factory. While there are some slight contradictions of the witnesses of the complainant, yet on this point I am satisfied, beyond peradventure, that on most of the dates they enumerated seeing or feeling the effect of the fumes, that the conditions prevailed as described by them. Complaints have been made by the board of health, and the corporation has been notified to stop the nuisance, and it has also been, indicted by the Bergen county grand jury for maintaining a nuisance upon its premises. There is no doubt in my mind that the defendant made several attempts to stop the nuisance, and, in fact, the testimony of some of its experts, is that with the plant as now constructed fumes as described by the complainant and her witnesses could not come from it. Experts of the complainant, who visited the plant since the improvements, however, state that they still find in the atmosphere the presence of these noxious fumes. I cannot believe that the large number of witnesses of the complainant willfully misstated facts to the court in this issue. They all say they have noticed the fumes recently and since the improvements. The fact that the fumes are not noticed by some of the neighbors does not prove that they are not a nuisance to others. Many of the complainant's witnesses before me have been

long residents of the borough of Edgewater, and some for a considerable period before the factory of the Sinclair & Valentine Company was located there. The topographical conditions at Edgewater must be considered in dealing with this case. The dwellings of the complainant, and of the larger part of the population of Edgewater, are situated along the side of the palisades, some distance up the mountainside. The place selected by the Sinclair & Valentine Company for its factory site is at the base of these cliffs. In locating here they must have had in view the fact that when the prevailing wind was favorable that any odor or fumes from their ground would necessarily affect the complainants in their homes.

In a long line of cases this court has dealt with situations similar to the one disclosed by the evidence in this case. Recently, Chancellor Walker, in *Kroecker* v. *Camden Coke Co., 82 N. J. Eq. 373*, and Vice-Chancellor Stevens, in the *Board of Health of Irvington* v. *Schmidt, 83 N. J. Eq. 35*, have expressed views which I shall follow now.

It seems to me clear that upon the facts in this case the court must grant the relief desired by the complainant.