This bill is filed to restrain an alleged nuisance.
The complainants are the lessees of the first floor of a building at 184-192 Halsey street, Newark, New Jersey, in which they conduct a restaurant. They have a ten-year lease dating from October 1st, 1924, at a rental beginning at $12,500 per annum and gradually increasing to $16,000 in the last year of the term. Their investment in their business, aside from the lease, is, approximately, $58,000. After the complainants had established their business at that address, the defendant leased the second floor of the building and installed therein nine bowling alleys, three of which are over the complainants' kitchen and six of which are over the dining-room, or restaurant. The complainants allege that the operation of these bowling alleys created such a din and noise and caused so much shaking and vibration of the building as to constitute a nuisance, resulting in customers of complainants refusing to patronize their restaurant when the alleys were in operation, and consequent irreparable damage. This bill was filed in October, 1924, and a restraining order was made by the late Vice-Chancellor Foster under the terms of which the defendant was prohibited from operating his bowling alleys during the rush hours of the restaurant business. It appears from the testimony that the bowling alleys operate usually from twelve noon to midnight, and that the restaurant lunch hours are from eleven *Page 728 
to five and dinner hours from five to ten, the restaurant closing at midnight. The volume of lunch business is transacted between twelve noon and two o'clock in the afternoon, and of the dinner business from six to eight o'clock in the evening. Many witnesses were examined on both sides of this controversy, and the testimony as to the noise, vibration and annoyance to complainants' employes and customers was very conflicting. There were, however, several disinterested witnesses, who patronized this restaurant, called for the complainants, and whose testimony indicates good cause for complaint. It is true that some witnesses, who had patronized the complainants' restaurant, called on behalf of the defendant, testified that they were not annoyed by the noise and vibration from the bowling alleys; but the fact that some persons are not annoyed by an alleged nuisance is not conclusive as to the non-existence of the cause of complaint, the test being the effect which is had upon the ordinary person, who is neither over-sensitive nor immune to the annoyance, concerning which complaint is made. Rausch v.Glazer, 74 Atl. Rep. 39; Kroecker v. Camden Coke Co., 82 N.J. Eq. 373; Board of Health of Irvington v. Schmidt, 83 N.J. Eq. 35; Harrigan v. Sinclair Co., 85 N.J. Eq. 85.
Immediately upon complainants learning that bowling alleys were to be installed over their restaurant, objections were made to the landlord, who assured the complainants that the alleys would be so constructed as to render any noise or annoyance from their vibration unnoticeable in the restaurant below. As soon as the operation of these alleys was begun, however, complainants complained to the landlord and the defendant that their operation was injuring their business, and thereupon steps were taken to make such alterations in the alleys as might eliminate the cause of the complaint, and with some degree of success, but not to the extent of eliminating the cause of complaint or annoyance. It appears by the testimony of experts in bowling-alley construction that everything has been done that can be done to eliminate noise and vibration; also, that the character of the building may have something to do with the impossibility *Page 729 
of reconstructing the alleys so that their operation will not be objectionable.
At common law, bowling alleys were held to be a nuisance perse (see note to 40 L.R.A. (N.S.) 75, and 20 L.R.A. 495), apparently, because of statute 33 (Henry VIII ch. 9), and previous statutes, which made it penal for any persons, except noblemen and gentlemen of a certain quality, to play at bowls. But the modern view is contra. State v. Hall, 32 N.J. Law 158,162. However, bowling alleys may be operated in such a manner as to constitute either a public or a private nuisance, 29 Cyc.1168; Harrison v. People, 101 Ill. App. 224; Bloomhuff v.State, 8 Blackf. (Ind.) 205; Hackney v. State, 8 Ind. 494;Hamilton Corporation v. Julian, 130 Md. 597; note,7 A.L.R. 746.
And any business may become a nuisance where it is not conducted with due regard to the rights of surrounding property owners, and renders the enjoyment of their property impossible.Nowak v. Baier, 78 N.J. Eq. 112.
Noise alone may constitute a nuisance, but, in determining whether it is a nuisance, the character and volume, and the time, place and duration of its occurrence and the locality must be considered. Cleveland v. Citizens Gas Light Co., 20 N.J. Eq. 201; Reilley v. Curley, 75 N.J. Eq. 57.
At the conclusion of the hearing in this cause it seemed to be agreed by counsel that this was a case where the degree of noise and the effect created by that noise were the determining factors. It was contended by counsel for the defendant that the right of complainants to the relief prayed for depended entirely upon whether or not the annoyance arising from the operation of the bowling alleys was such as would, under all the circumstances of the case, unreasonably interfere with the reasonable enjoyment of complainants' property and the conduct of their business. With this proposition I was at that time in entire agreement. Although there was then little question in my mind as to the rights of the parties, on application of counsel for defendant I appointed one of the masters of this court to make an independent investigation, and to report to this court whether or *Page 730 
not, in his opinion, as an unprejudiced person, the operation of the bowling alleys would constitute a nuisance.
Pursuant to this appointment an investigation was made by the master, and, by direction of this court, the alleys were operated as required by the master. The master, in his report, says: "The loud and audible noises above described affect the business of the complainants to such an extent that a person of ordinary intelligence, health and sensibility would be distracted from their meals while eating, and would suffer substantial inconvenience and annoyance from this loud noise." This report is now a part of the files in this cause and but confirms the impression which I had obtained from the testimony — that is, that the unrestrained conduct and operation of these bowling alleys would constitute a nuisance entitling the complainants to injunctive relief, but that the restraint heretofore imposed by the preliminary injunction might be somewhat modified to permit the operation of bowling alleys for a longer period and for a portion of the time during which their operation is now restrained. After thoroughly examining the transcript of testimony and considering the master's report, I have decided to advise that an injunction issue restraining the operation of these bowling alleys during the hourse of from twelve noon to two P.M. and from six P.M. until seven P.M.