This is a bill to restrain the operation of an ice manufacturing plant as an alleged nuisance. This plant is operated in a light industrial manufacturing zone established by the municipal government of Newark and has been in operation for some years. The surrounding property is for the most part business.
The complaint was made last April as to the operation of the plant and the defendants expended about $25,000 in an effort to eradicate or minimize the conditions objected to. Complainants are still dissatisfied and insist that the alleged nuisance be permanently enjoined.
It is to be noted that the manufacture of ice is not a per se
nuisance and is a necessary and lawful business. The complainants, in the first place, in their bill, allege annoyance from ammonia fumes, but there is no evidence as to the existence of such fumes, and that contention may be taken as abandoned.
The next objection is to vibration. The testimony as to that is from one Mr. Reichle, who says that the vibration is of a very serious nature, but he has sold his house to one Meyer and moved away from the neighborhood. Mr. Meyer, who now occupies it, does not complain. Mr. Werner, the only other complainant who complains along these lines, refused to permit inspectors of the health department of Newark to make any tests within his house. Therefore, it seems to me that complainants have not clearly established the existence of serious vibration which would justify the court in issuing an injunction.
The next complaint is as to noise. The testimony here is conflicting. Mr. Werner refused to permit entry into his house and the use of a noise meter. Mr. Beissert, who is not a complainant, also refused permission to make tests in his house. Many of the witnesses for complainant state that the noise was in the summer and continued until September. The improvements which were made were not completed until November. The health department inspectors testify that there was very little noise. Defendants' witnesses say that *Page 491 
after the doors were put on and the double windows put in, little, if any, noise could be detected. They also testified that a considerable amount of noise and vibration is caused by heavy vehicular traffic, particularly late at night and in the early morning.
As to the water spray, Mr. Werner complains that "we got shower baths, actually." His wife does not complain. Mr. Saslow testifies that the spray does not affect him, yet Mrs. Demeter, who is one house further removed from the plant than Saslow, complains of the spray. And, again, Mrs. Dorst of the same address, says nothing about it. Mrs. Schleicher, three houses away from the plant, complains, although the intervening owners, nearer the plant, do not.
Without going further, it will thus be seen that the evidence as to vibration, noise and spray is, to say the least, contradictory. In the case of Hey v. Seifert Baime, Inc.,95 N.J. Eq. 502, it is held:
"To enjoin the prosecution of a perfectly legal business on account of the noise made in conducting it, the evidence should be clear and convincing."
 * * * * * * *
"Where a business has been conducted at one place for a period of seven years and the evidence as to its being so conducted as to cause a nuisance is contradictory this court will not enjoin its prosecution, as such action would practically destroy a going concern."
In Demarest v. Hardham, 34 N.J. Eq. 469, it is said:
"Relief by injunction to restrain a business in itself lawful, is not a matter of right but rests in discretion. If the legal right is not clear, or the injury is doubtful, eventual or contingent, equity will give no aid."
Vice-Chancellor Pitney, in the case of Hennessy v. Carmony,50 N.J. Eq. 616, quotes with approval from St. Helen's SmeltingCo. v. Tipping, 11 H.L. Cas. 642:
"There is a distinction between an action for a nuisance in respect of an act producing a material injury to property and one brought in respect of an act producing personal discomfort. As to the latter, a person must, in the interest of *Page 492 
the public generally, submit to the discomfort of the circumstances of the place and the trades carried on around him."
Finally, in the case of Nowak v. Baier, 78 N.J. Eq. 112, it is held:
"An injunction to restrain a lawful business as a nuisance should not be granted, unless the conduct of the business invades a clear legal right of another, resulting in serious and permanent injury, which cannot be adequately compensated at law, and the granting of such relief will not inflict more serious injury upon defendant than its refusal will cause complainant."
Therefore, considering the fact that defendants have made, since last April, sincere and serious effort to satisfy objections at a large monetary cost; that the ice plant has and is being carried on in a business district and for a lawful, legitimate purpose, and that the evidence as to the nuisance is, to say the least, extremely contradictory, I am of the opinion that complainants have not established their right to an injunction and that the bill of complaint should be dismissed. *Page 493