This is on a bill for an injunction against an alleged nuisance, brought by numerous property owners in the neighborhood against the defendant, which operates a dye works in the city of Passaic. Much testimony was taken on behalf of the complainants and defendant.
The defendant has operated this dye works since 1921. The nuisance complained of is the emitting from defendant's plant of noxious gases, fumes and odors and loud noises. The defendant denies the nuisance and claims that the character of the neighborhood is such that the small amount of annoyance caused by the operation of defendant's plant is not improper.
The defendant's plant is on the edge of a neighborhood largely given up to industry. There is a rubber factory within about a hundred yards of defendant's plant, a handkerchief factory and a hosiery works nearby and a railroad *Page 47 
and coal chutes not far away, whereas on the other side towards a part of the city that is residential there are some garages, filling stations and lunch wagons; so that the immediate neighborhood of the defendant's plant can hardly be called a high-class residential section.
There is a wide divergence of testimony between the complainants' witnesses and defendant's, both as to the nature and effect of the gases from defendant's plant and the noises made by its operation. Complainants' witnesses differ considerably among themselves as to these facts. Some of the complainants' witnesses testified that irritating and noxious chemical fumes permeated the air of the entire neighborhood to an almost intolerable degree and that this condition had continued for many years and continued right up to the time of the hearings. Others testified that the severity of the nuisance had increased comparatively recently and still continued. Others testified that the nuisance had very materially decreased.
During the last few years there had been complaints about the conduct of defendant's operations and some of these complaints were taken to the health officials. In each such case it would seem that the particular nuisance complained of had been abated. One Saffioti started an action against the defendant on the ground that defendant was blowing noxious gases, steam, c., out of the side of its plant directly into his house on adjoining premises. It was shown that defendant purchased Saffioti's property and put in a ventilating system whereby the vapors and gas from its operations were discharged through the roof of its plant. At another time chemicals backed up in the sewer so as to flow into the cellars of some of the neighbors, and this condition was remedied. During the coal shortage of 1927, defendant burned soft coal, and this practice was discontinued.
In its processes defendant treats the materials to be dyed with hot water and steam and it would seem that there is a certain amount of noise incident to the operation of the valves in conducting this process. There was at one time a certain amount of noise incident to the use of the metal *Page 48 
gears driving some of the machinery. Testimony of the defendant's witnesses is that this was reduced to a negligible amount by the use of worm and fibre gears.
The right of the court of chancery to restrain the continuance of a nuisance in a proper case is, of course, thoroughly established and there have been many cases in which applications for this relief have been made. In the opinions in these cases language can be found supporting the intervention of the court so as to protect persons affected by the alleged nuisance to an extreme limit and others strictly limiting the right to an injunction. This divergence in expression of the law seems to be largely due to the circumstance that the right to relief in this court is largely determined by the facts in each particular case.
An examination of the decisions lays down the general rule that while relief will not be denied merely because of its effect upon the business of defendant an injunction will not issue unless the right of the complainant is clear and the damage to complainant irreparable. Rowland v. New York Stable Manure Co., 88 N.J. Eq. 168; Attorney-General v. Heishon, 18 N.J. Eq. 410; City ofElizabeth v. Gilchrist Co., 86 Atl. Rep. 535.
I am not satisfied that the complainants have clearly established the existence of acts on the part of the defendant at the time of the institution of this suit to entitle them to the relief prayed for. The defendant is carrying on a business, in itself lawful, and in a neighborhood in the immediate vicinity of which are numerous other manufacturing plants. Defendant has been carrying on this business for many years, and while complainants may not be guilty of laches in failing to bring suit, the fact that they did not do so for many years tends to support the argument that the present course of conduct of the defendant did not create irreparable conditions. On this point it will be noted that various specific complaints against defendant were made from time to time but each of these prior complaints were met by the abating of the conditions then complained of. Defendant's witnesses testified that its plant is a modern one with all the latest *Page 49 
scientific devices, that the vapors emitted are not noxious and that the operations of the plant are conducted with a very small amount of noise. Under modern urban conditions there is necessarily a certain amount of discomfort to residents in or near industrial neighborhoods, and to a certain extent this discomfort must be endured.
I do not consider that the complainants have clearly shown the existence of such conditions as entitle them to an injunction and the bill of complaint will therefore be dismissed.