The above-stated causes were by consent of counsel for the respective parties heard and argued together. The *Page 85 nuisance which complainants allege the defendants are responsible for the creation and maintenance of is attributable to noise and vibration. Whatever grounds of complaint the complainants may consider they have in such respect may only be chargeable, on the proofs herein, against the defendant Stetson Shirt Company. Complainants' allegations of nuisance are not substantiated by such satisfactory proof as to warrant the court to grant the relief of injunction, and assessment of damages, as prayed, and I have therefore determined that the bills of complaint in both causes should be dismissed. I have determined also that the counter-claim of the defendant Jules M. Levinsohn in the Damadio suit should be dismissed. I will advise decrees accordingly. In cases such as sub judice no injunction will be granted to restrain the operation of a business which is lawful in itself unless a clear case is established by satisfactory proof; and complainants' proofs as to the grievance alleged must not be contradictory, but convincing. Stohf v. Passaic PieceDye Works, 108 N.J. Eq. 46. The proofs herein are very contradictory, and the grievances alleged have been very much magnified and exaggerated by the testimony of complainants and their witnesses. Throughout the hearing I was impressed that considerable of the testimony adduced in behalf of complainants was lacking in credence. Considering that the burden of proof is cast by law upon the complainants to substantiate by clear and convincing proof the allegations of nuisance complained of, I am convinced they have not made out a case warranting the issue of the injunction prayed. The proofs herein demonstrate that the premises wherein the alleged nuisance is said to have been created and maintained by the defendant Stetson Shirt Company, were previously used for light manufacturing business by others, in the conduct of which sewing machines operated by electricity were employed. There is no dispute between the litigants herein, and complainants' counsel so conceded in argument, that the business which is carried on by the defendant Stetson Shirt Company, is a lawful business in itself. The vibration complained of, because of which complainants rely in part for *Page 86 
the relief prayed, is in my judgment trivial; it certainly is not such as to warrant the court's intervention by means of injunction. Complainants' principal grievance appears to be based upon noise issuing from the business establishment of the defendant Stetson Shirt Company. Noise undoubtedly issues therefrom, but I am not convinced that such noise is so grievous as to justify complainants' allegation of nuisance or warrant restraint by this court of the operation of the business of the defendant Stetson Shirt Company, by means of injunction. Many witnesses testified in behalf of the complainants and defendants respectively. The proofs are contradictory indeed. I have carefully considered such proofs and have concluded that the complainants have not made out the cases as alleged in their respective bills of complaint, clearly and convincingly, as required by law. I have in mind that noise, even though not injurious to health, may be regarded as a nuisance in law when it causes discomfort, but to warrant the issue of an injunction on account of discomfort, the discomfort must be physical and not depend upon imagination. Whatever is offensive physically, to the senses, and by such offensiveness makes life uncomfortable, is a nuisance. Cleveland v. Citizens Gas Light Co., 20 N.J. Eq. 201; Kroecker v. Camden Coke Co., 82 N.J. Eq. 373. But the complainants have not adduced sufficient proof to warrant the court to intervene in complainants behalf on account of nuisance. Noise alone may constitute a nuisance, but, in determining whether it is a nuisance, the character and volume, and the time, place and duration of its occurrence and the locality must be considered. Peragallo v. Luner, 99 N.J. Eq. 726, 729;Cleveland v. Citizens Gas Light Co., supra; Reilley v.Curley, 75 N.J. Eq. 57. The real question in all such cases is the question of fact, viz., whether the annoyance is such as materially to interfere with the ordinary comfort, physically, of human existence. Kroecker v. Camden Coke Co., supra; Ross v.Denan, 101 N.J. Eq. 281, 283. The complainants herein are a grocer and a tailor, respectively, lessees of stores in a building owned by the defendant Levinsohn, the upper part of which building *Page 87 
is leased to the defendant Stetson Shirt Company. Complainants not only urge that the noise and vibration of which they complain as nuisance subject them to a condition of discomfort which warrants equitable relief in their behalf by means of injunction, but they also claim they suffer a loss of business in consequence of such noise and vibration, and that such loss is not measurable in damages and therefore injunction should issue. The proofs herein demonstrate that the alleged loss of business is conjectural. Several of the witnesses who testified in behalf of complainants stated they informed complainants they would discontinue patronizing them if the noise which issued from the business establishment overhead the places of business of the complainants were continued, yet, notwithstanding, such witnesses readily admitted they had not discontinued their patronage of the complainants although the noise is claimed to have continued. The proofs herein evidence that the defendant Stetson Shirt Company started its business establishment with the operation of twenty sewing machines, and that later a total of approximately sixty sewing machines were installed and operated. Complainants contend that eighty sewing machines were latterly in operation, but such is disputed by the defendants. Expert witnesses who testified in behalf of the respective parties agreed that the premises wherein the business establishment of the defendant Stetson Shirt Company is carried on is structurally suitable to the class of manufacturing business in which said defendant is engaged. The testimony of the expert witnesses is contradictory as to whether the noise and vibration complained of could reasonably be regarded as objectionable physically. Expert witnesses testified in defendants' behalf that the insulation adapted and made use of by the defendant Stetson Shirt Company to deaden the noise which might reasonably be expected from the operation of such a great number of sewing machines, electrically driven, as were used by said defendant in the conduct of its business, was adequate for such purpose. The insulation utilized for the deadening or minimizing of noise from such sewing machines was made up as follows: A thick piece of wood laid *Page 88 
upon the flooring of the factory premises, upon which was laid a thick piece of padded felt, on top of which there was laid a piece of solid rubber. The legs of the machines stood upon the rubber and were affixed to such insulation. The expert witnesses who testified in behalf of the complainants substantially agreed with the expert witnesses for the defendants that such means of insulation was practical and adequate for the purpose intended. One of the expert witnesses (Mr. Drinane) who testified in behalf of the defendants said (transcript of testimony, page 342): "I would undoubtedly say that is the best method." The sewing machines, all of which are of the most modern style and design manufactured by the Singer Sewing Machine Company, were operated for a considerable period of time before complainants found fault therewith; and a considerable period of time elapsed after they first found fault therewith before they filed their bills of complaint herein. The proofs are contradictory as to the business establishment of the defendant Stetson Shirt Company being operated at unreasonable hours. Defendants' proofs (and they are not substantially contradicted) indicate that their business establishment was operated between eight A.M. and five-thirty P.M. daily (except Sunday), and that occasionally, though not frequently, employes worked overtime, but never later than eight-thirty P.M. Proof adduced from several of the witnesses indicates that the noise from the operation of the machines in the business establishment of defendant Stetson Shirt Company was no greater than noise from the operation of motor vehicles on the public street in front of defendants' premises. In considering whether noise amounts to a nuisance not only must the character and volume, and the time, place and duration of its occurrence, and the locality be considered (Peragallo v. Luner, supra;Cleveland v. Citizens Gas Light Co., supra; Reilley v.Curley, supra), but the question whether or not the noise created was for a necessary or useful purpose is always taken into consideration by the court. Gilbough v. West SideAmusement Co., 64 N.J. Eq. 27, 35, 36. In Hey v. Seifert Baime, Inc., 95 N.J. Eq. 502, this court held that to enjoin *Page 89 
the prosecution of a perfectly legal business on account of the noise made in conducting it, the evidence should be clear and convincing. See, also, Reichle v. Senger, 107 N.J. Eq. 489,491. In Hennessy v. Carmony, 50 N.J. Eq. 616 (at p. 618). Vice-Chancellor Pitney cited an English case and quoted therefrom as follows: "There is a distinction between an action for a nuisance in respect of an act producing a material injury to property and one brought in respect of an act producing personal discomfort. As to the latter, a person must, in the interest of the public generally, submit to the discomfort of the circumstances of the place and the trades carried on around him; as to the former, the same ruling would not apply." In Demarestand Keefe v. Hardham, 34 N.J. Eq. 469, it was held: "Relief by injunction to restrain a business in itself lawful, is not a matter of right, but rests in discretion. If the legal right is not clear, or the injury is doubtful, eventual or contingent, equity will give no aid." It appears from the proofs in the casesub judice that the premises occupied by the defendant Stetson Shirt Company, in the conduct of its business were so occupied for a considerable period of time prior to complainants' suit herein; it also appears that said premises were previously occupied by another like manufacturing business concern which employed sewing machines in the operation of the business then conducted. In view thereof, and inasmuch as the evidence as to its being so conducted as to be a nuisance is contradictory, this court should not enjoin its prosecution, because to do so would practically destroy said defendant's business as a going concern.Hey v. Seifert Baime, Inc., supra. In Nowak v. Baier,78 N.J. Eq. 112, it was held: "An injunction to restrain a lawful business as a nuisance should not be granted, unless the conduct of the business invades a clear legal right of another, resulting in serious and permanent injury, which cannot be adequately compensated at law, and the granting of such relief will not inflict more serious injury upon defendant than its refusal will cause complainant."
The grievance alleged by the complainants Damadio against *Page 90 
the defendant Levinsohn as to the driveway adjoining the demised premises of Damadio, is not substantiated. All that said complainants are entitled to under their lease is the use of said driveway auxiliary to the grocery business conducted by them upon their demised premises. Said complainants are not entitled to the exclusive use of said driveway, which leads to a structure erected at the rear of the premises owned by the defendant Levinsohn, of which the demised premises of the complainants Damadio form a part. Furthermore, the proofs herein manifest that the grievance alleged in the bill of said complainants with respect to said driveway was remedied quite some time before the hearing of the cause. There is proof in the case sub judice
that the complainants Damadio made use of said driveway as a storage place for commodities kept by them for the purpose of sale in their grocery business. The driveway in question may not be regarded as a storage place. It is a place which has been used for ingress and egress by vehicles and pedestrians to and from the rear of the Levinsohn premises. The defendant Levinsohn rented a portion of said driveway to an expressman for office purposes, and such use was made thereof for a considerable period of time, yet the complainants Damadio made no objection thereto. The alleged grievance of the complainants Damadio as to the driveway in question, for which injunctive relief is sought, is untenable. Counsel for the respective complainants urged in argument that his clients were entitled to damages against defendant Levinsohn, the lessor of the premises demised to them respectively, because of alleged violation of a covenant of his clients' lease relating to quiet enjoyment, c. For violation of such a covenant complainants will be relegated to a court of law which is the proper forum for the determination of such questions. In view of what I have stated hereinabove as to the driveway in question, I deem it unnecessary to consider the counter-claim of the defendant Levinsohn for a reformation of the Damadio lease, and I make no determination herein with respect thereto. With respect to the injunctive relief prayed by complainants in the matter sub judice, I have in mind the *Page 91 
oft-repeated admonition of Judge Baldwin, referred to inCitizens Coach Co. v. Camden Horse Railroad Co., 29 N.J. Eq. 299
(at p. 303): "There is no power, the exercise of which is more delicate, which requires greater caution, deliberation and sound discretion, and which is more dangerous in a doubtful case, than the issuing of an injunction."