27 N.J. Super. 376 (1953)
99 A.2d 430
JOSEPH HRYCENKO AND ANDREW WOJTOWICZ, PLAINTIFFS-APPELLANTS,
v.
BOARD OF ADJUSTMENT OF THE CITY OF ELIZABETH, WALTER F. FROMM, SUPERINTENDENT OF BUILDINGS, AND ALBERT J. WERNOCH, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 14, 1953.
Decided September 22, 1953.
*378 Before Judges CLAPP, GOLDMANN and EWART.
Mr. Richard F. Green argued the cause for plaintiffs-appellants.
Mr. Albert L. Kessler argued the cause for defendant-respondent Albert J. Wernoch (Mr. Charles E. Leonard, attorney).
Mr. Raymond A. Leahy argued the cause for defendants-respondents Board of Adjustment of the City of Elizabeth and Walter F. Fromm.
The opinion of the court was delivered by GOLDMANN, J.A.D.
Defendant Fromm, Building Superintendent of the City of Elizabeth, issued a permit to defendant Wernoch for the construction at the rear of his lot of a building to be used as a welding shop. The premises are located in a Business "C" District, as established by the municipal zoning ordinance. Plaintiffs, whose premises adjoin Wernoch's, protested and asked Fromm to revoke the permit. When he refused, they appealed to the board of adjustment. After public hearing the board denied the appeal but imposed the following restrictions:
"No work to be done in the shop before 7 a.m. and no work to be done after 6 p.m. No work to be done on the street."
*379 Plaintiffs then filed their complaint, the first count being in lieu of prerogative writ and the second seeking an injunction restraining Wernoch from using the premises in such manner as to constitute a nuisance, enjoining him from operating the shop before 7 A.M. or after 6 P.M., and enjoining any work upon the public right-of-way or street. The first count, relating to the validity of the building permit, was tried and decided adversely to plaintiffs. At a later date there was a hearing on the second count, and this likewise was decided adversely to plaintiffs. Judgment was then entered in favor of defendants; it specially recites that the court had found that the second count did not apply to the defendants board of adjustment and Fromm, and that judgment was to be entered by consent in their favor on that count. Plaintiffs' appeal raises three points:
(1) Was the building permit properly issued?
(2) Should the permit have been revoked?
(3) Did Wernoch's use of the premises constitute a nuisance that should have been enjoined by the trial court?
In support of their first point plaintiffs claim that the new structure violates the ordinance in four particulars, but one of these was abandoned on the argument. They first claim that the building constitutes a second principal structure on the lot in question, in violation of section 2 of the ordinance which reads:
"For the purpose of this ordinance, a `lot' is any parcel of ground under one ownership, description of which is filed with the building inspector as provided in Section 24 (b) and which is occupied by one principal building and its accessories. * * *"
Section 2 is entitled "Definitions" and the quoted text merely defines a lot. The ordinance nowhere states that a lot in a Business "C" District may have only one principal building. Zoning limitations on the use of private property must be clearly and expressly imposed, and should not be inferred. 6 McQuillin, Municipal Corporations (3rd ed. 1949), § 20.51, p. 127. The Elizabeth ordinance does not prohibit the present arrangement.
*380 Plaintiffs next argue that the structure violates section 7(b) of the ordinance which provides that in a Business "C" District a rear yard 12 feet in depth shall be maintained whenever the ground story is used for dwelling purposes. They claim that toilet rooms projecting from the rear of the dwelling house located at the front of the lot shortened the yard between the house and the new structure to less than 12 feet. It appears from defendants' briefs that these projections were removed prior to the trial, and this was admitted by plaintiffs' counsel at the argument. Disregarding that fact, there is nothing in the record to show that the toilet rooms were less than 12 feet from the new building. The rather brief testimony on this point referred to a 15-foot depth; counsel and witness were both apparently confused because the 15-foot requirement relates to residence districts. Plaintiffs' exhibit, a 1948 survey of the premises in question, shows three toilet rooms which, by application of the scale, respectively measure 12 1/2, 15 and 15-plus feet from the new building. There was no violation of the rear-yard provision of the ordinance.
The third and final argument under the first point is that the welding shop is located within 25 feet of the street, in violation of section 22(f) of the ordinance. Section 22 relates to "Garages and Accessory Buildings," and the ordinance, as we read it, refers to a workshop which is part of or accessory to a public or private garage or stable. No such garage or stable is involved here.
Accordingly, we find no merit in plaintiffs' contention that the structure violates the ordinance and that the building permit was therefore improperly issued.
The second main question raised on this appeal is that the building permit should have been revoked. Such testimony as relates to this point was adduced at the second hearing which dealt with the nuisance count of the complaint. Plaintiffs made no mention of this issue at the trial of the first count. Defendants board of adjustment and Fromm were not present at the second trial, the court having previously dismissed the nuisance count as against them by consent. *381 In the circumstances, plaintiffs may not now argue that the permit should have been revoked.
Finally, plaintiffs contend that defendant Wernoch's use of the premises for a welding shop amounted to an actionable nuisance by reason of attendant noise, fumes and glare, and should therefore be restrained.
In our view, the zoning ordinance clearly permitted the premises to be used for a welding shop. The operations conducted in the new structure are the same as in any other welding shop insofar as noise, fumes and glare are concerned. It may be observed that Wernoch had done welding work in an old building at the same location for several years prior to the issuance of the permit under attack, and neither plaintiffs nor their tenants objected to these operations. A reading of the testimony shows that conditions have substantially improved since the new shop was erected.
The evidence should be clear and convincing before a court will enjoin the prosecution of a perfectly legal business because of noise, fumes, glare or vibrations resulting from its operation. Hey v. Seifert & Baime, Inc., 95 N.J. Eq. 502 (Ch. 1923). "If the legal right is not clear, or the injury is doubtful, eventual or contingent, equity will give no aid." Demarest v. Hardham, 34 N.J. Eq. 469, 473 (Ch. 1881).
To constitute an actionable nuisance, the operations complained of must be such as to affect injuriously and to an unreasonable extent the health or comfort of ordinary people living in the vicinity. Noise, fumes, glare and the like become actionable only when they pass the limits of reasonable adjustment to the conditions of the locality and of the needs of the maker to the needs of his neighbor. The determination of those limits depends upon the circumstances of the particular case. Benton v. Kernan, 130 N.J. Eq. 193, 198 (E. & A. 1941).
Neither of the plaintiffs testified as to the conditions of which they complain. There was some conflict in the testimony of those who took the witness stand, but on the entire record plaintiffs have failed to establish that Wernoch's *382 welding operations are such as to affect injuriously and to an unreasonable degree the health or comfort of persons of ordinary sensibilities in the vicinity. It does not appear that the noises, fumes and glare here complained of exceed the bounds to which those living in the neighborhood must adjust themselves. Cf. Hyde v. Somerset Air Service, 1 N.J. Super. 346 (Ch. Div. 1948). The record supports the conclusions of the trial judge on this aspect of the case.
As already noted, the board of adjustment refused to revoke the permit issued by the building superintendent but imposed a condition that work in the welding shop be limited to the hours of 7 A.M. to 6 P.M. and that no work should be done out in the street. The trial court found that at the time of the hearing defendant Wernoch no longer did any work on the public way, and the record supports the finding. Further, there is nothing to indicate that Wernoch will do so in the future.
Defendant admitted that he does welding work until 8:00 or 9:45 in the evening or later about three times a month, but denied he did any hammering after 11 o'clock. He apparently accepted without objection the condition imposed by the board of adjustment. Wernoch will be enjoined from carrying on his welding operations, including hammering, after 7 P.M.
As so modified, the judgment will be affirmed.