[No. 1076.  Decided April 4, 1894.]

THE STATE OF WASHINGTON, *Respondent*, v. W. E. PAG-
GETT, *Appellant*.

NUISANCE — MAINTAINING POWDER MAGAZINE — EVIDENCE —
ABATEMENT.

Where the substance of the charge, in an information for main-
taining a nuisance, is that the defendant unlawfully maintained a
powder magazine in a thickly settled neighborhood, evidence is in-
admissible for the purpose of showing that the explosives stored
therein had been recklessly managed while being carried from ves-
sels to the magazine, and while being loaded upon cars for trans-
portation abroad.

Upon the prosecution of an employé of a powder company for
maintaining a public nuisance, judgment upon his conviction or-
dering that the nuisance be abated is erroneous.

*Appeal from Superior Court, Pierce County.*

*Parsons, Corell & Parsons,* for appellant.

*W. H. Snell,* Prosecuting Attorney, and *Charles Bed-
ford,* for The State.

The opinion of the court was delivered by

STILES, J.— Appellant was informed against for main-
taining a public nuisance.    The charging part of the in-
formation stated that appellant —

"Unlawfully and negligently kept and maintained a
powder magazine at or near the locality known as 'The
Smelter,' and within a thickly populated neighborhood,
with many buildings, dwelling houses, stores and other oc-
cupied buildings within a radius of three hundred yards of
said magazine, in which he [appellant] did keep and cause
to be kept, negligently and unlawfully, large quantities of
dynamite, nitro glycerine, giant powder, and other danger-
ous and highly explosive materials to the prosecuting at-
torney unknown, in storage and for use and sale in the
exercise of his trade and employment, to the annoyance of

the neighborhood and public generally, and to the danger of the safety, health, comfort and property of the neighborhood and of the public in general, and to their injury in health, comfort and safety.''

Construing this charge we are constrained to differ somewhat with the court below upon the question of what the issues were upon the trial. Evidence was admitted over the objection of appellant tending to show that there had been a more or less reckless management of the explosives afterwards stored in the powder magazine while they were being carried from the vessels by which they were shipped from California to the magazine, and while they were being loaded upon cars and other means of transportation abroad. Other testimony went to the point of showing that the powder magazine was *per se* a nuisance, from the fact of its being located in a thickly settled neighborhood. The question is, what did the information charge.

It is true that the statement is made that appellant ''unlawfully and negligently kept and maintained a powder magazine,'' and that he ''did keep and cause to be kept, negligently and unlawfully, large quantities of dynamite,'' etc., ''in storage.'' There is no allegation that he negligently managed or handled or cared for the explosives, or any other matter which tended to charge a nuisance through any want of precaution in those particulars. To have properly framed an information charging a nuisance upon this ground, the facts going to constitute the negligence must have been set forth. Therefore, we view the use of the word ''negligently'' as being merely superfluous, and as adding nothing to the word ''unlawfully,'' which is found in the statute. The substance of the charge is that appellant unlawfully maintained a powder house in a thickly settled neighborhood, and that was the issue to be tried.

That the issue should be definitely one thing or the

other appears clearly from the result in this case.   Appellant was found guilty, and, in addition to the fine imposed, was ordered to abate the nuisance, to wit, "the keeping and maintaining a powder magazine . . . and the use of the same for keeping and causing to be kept large quantities of dynamite, etc., in storage therein." Now, if the conviction occurred upon the charge of maintaining the magazine at an improper place, then such an order would be pertinent and would follow the verdict of the jury. But if the jury found the alleged nuisance to exist merely in the method of handling the explosives, either while they were in transit to or from the magazine, or while they were in the building itself, the only thing to be abated would be that particular manner of transacting the business.   Viewed in this light, it was error to admit any of the testimony showing the manner in which boxes of dynamite were carried to and from the magazine; that certain boxes were allowed to fall off the truck and be broken open; that the track was out of repair, etc.

It may be said upon the point just disposed of that counsel for appellant seemed, at the close of the case, to coincide with the court's treatment of the information, by requesting instructions covering the method of handling the explosives, which the court gave.   But the criticism would not be just in this instance for the reason that counsel at all points in taking the testimony objected to evidence of that character and may be presumed to have presented instructions in accordance with the repeatedly asserted views of the court as to the questions to be tried.

These views necessitate a reversal of the judgment as a whole, but, in view of a re-trial, it is necessary to discuss the judgment itself a little further.   Counsel for the state declared, during the progress of the trial, that the prosecution was based upon § 118 of the Penal Code.   That section was first adopted in 1873, and reads as follows:

"Every person who shall erect or continue and main-tain any public nuisance, to the injury of any part of the citizens of this territory, shall, upon conviction thereof, be fined in any sum not exceeding one thousand dollars."

At that time and until 1875 there seems to have been no statutory definition of nuisances, the courts being left to the common law for the ascertainment of what consti-tuted a public nuisance.    But in the latter year another act was passed which, with the exception of its first section, now constitutes title 61 of the General Statutes.    The sec-tion omitted appears as § 1235 of the Code of 1881, and is as follows:

"Nuisance consists in unlawfully doing an act, or omit-ting to perform a duty, which act or omission either an-noys, injures or endangers the comfort, repose, health or safety of others, offends decency, or unlawfully interferes with, obstructs or tends to obstruct, or render dangerous for passage, any lake or navigable river, bay, stream, canal or basin, or any public park, square, street or highway; or in any way renders other persons insecure in life, or in the use of property."

Sec. 12 of the same act applies in part to buildings, and enlarges on the first section by providing that —

"The erecting, continuing or using any building or other place for the exercise of any trade, employment or manufacture which, by occasioning noxious exhalations, offensive smells, or other annoyances, becomes injurious and dangerous to the health, comfort or property of indi-viduals or the public  .   .   .   are nuisances."

The fourteenth section, which is now Gen. Stat., § 2895, provides that —

"Whoever is convicted of erecting, causing or contriv-ing a public or common nuisance, as described in this title, or at common law, when the same has not been modified or repealed by statute, where no other punishment therefor is specially provided, shall be punished by a fine not ex-ceeding one thousand dollars, and the court, with or with-

out such fine, may order such nuisance to be abated, and issue a warrant as hereinafter provided.''

It will be observed that the punishment by fine is the same as that provided for in Penal Code, § 118; but whereas, in the Penal Code the persons mentioned are those who ''erect, continue or maintain a public nuisance,'' those who are mentioned in Gen. Stat., § 2895, are those who ''erect, cause or contrive a public nuisance.'' It was doubtless for the reason that appellant was merely an employé of the Judson Powder Company, in charge of the magazine, that this information was declared to be founded upon Penal Code, § 118. He confessedly did not erect, cause or contrive the magazine or the business conducted therein, but was merely the instrument of the corporation in maintaining it, and at the time of the trial had actually ceased to be in the employment of the Judson Powder Company for a period of several months.

The prosecution sought and obtained a construction of the law that these two statutes should be taken together, and that an order for the abatement of the nuisance could be obtained upon a conviction of an employé for maintaining a nuisance equally as upon a conviction of his principal for erecting, causing or contriving the nuisance. Upon this point it would be sufficient to say that the statute does not so provide. The only penalty laid down for maintaining a nuisance under Penal Code, § 118, is a fine. Resort may be had to the act of 1875, Gen. Stat., title 61, for a definition of what a nuisance is; but either there is no penalty at all based upon the facts which were proven against appellant, he being a mere employé, or the penalty which the statute assesses against him is the only one which can be inflicted. The reason of the case is obviously with this construction. The law contemplates that property, either in a business or in a building, shall not be destroyed unless the person who is financially interested

therein is before the court. An employé has·no interest in either, and while he may be culpable in continuing to maintain an obnoxious trade or business, he has no such control over it as that an order that he abate the entire business could be otherwise than oppressive, if not in its nature necessarily ineffectual.

Counsel for the state argued that in view of such a ruling it would be impossible to secure the abatement of this particular nuisance, because the owner of the building and business is a corporation, and a foreign corporation at that. The obvious answer to that proposition is that a corporation is equally subject to indictment for· maintaining a nuisance with a natural person, and that a foreign corporation doing business in this state is no less subject to its laws, criminal as well as civil, because its principal place of business happens to be in another state.

Depositions taken in California by stipulation were read at the trial on behalf of the appellant; but in view of the decision in *State v. Humason*, 5 Wash. 499 (32 Pac. 111), and of the objection made by the prosecuting attorney, they are not considered here.

It seems to be conceded that the mere existence of a powder magazine in or near a neighborhood where people live and carry on business may be *per se* a nuisance, depending upon the quantity of the explosives stored there, and the character of the explosives themselves.

Therefore, the judgment being reversed, the cause is remanded for a new trial.

ANDERS and HOYT, JJ., concur.

DUNBAR, C. J., and SCOTT, J., dissent.