CADDIE L. ROSS, complainant-appellant,

*v.*

FRANK M. DENAN, defendant-respondent.

[Submitted February 11th, 1927. Decided May 16th, 1927.]

1. Smoke, noise, noxious or offensive vapors, although not injurious to health, may severally constitute a nuisance to the owner of adjoining or neighboring property.

2. If the annoyance therefrom is such as materially to inferfere with the ordinary comfort of human existence, equity will restrain such nuisance by injunction.

---

On appeal from a decree of the court of chancery.

*Mr. William Elmer Brown, Jr.,* for the appellant.

*Messrs. Cole & Cole,* for the respondent.

The opinion of the court was delivered by

LLOYD, J.

The bill of complaint was filed in this case by Caddie L. Ross, the complainant, to restrain a nuisance alleged to be maintained by the respondent, Frank M. Denan, in the conduct of the latter's dyeing, cleaning and pressing business at Ocean City. The case made by the plaintiff established that

she had purchased the property in which she was living in
1912 and had lived there ever since that time; that immedi-
ately adjoining and within eight feet of her house the defend-
ant in 1924 established a dyeing, cleaning and pressing estab-
lishment, fitting it up with machinery and equipment for that
purpose; that in the course of its operation noises, smoke,
gases and odors of offensive character were emitted from the
building and permeated the home of the complainant; the
smoke sooting the clothing, food, walls and linens; the odors
and gases filling the throats and nostrils of the occupants and
the noises disturbing their comfort.

The existence of these conditions in varying degree was not
seriously disputed by the defendant, but it was claimed that
they were conditions which were incident to the business and
were unavoidable.

The learned vice-chancellor who heard the case concluded
the taking of testimony in the month of December, 1925, and
at the time expressed the view that if nuisance existed it would
not affect the complainant seriously when the house was closed
and the windows were down in the winter time, and hence
withheld action in the case until the spring following. In
April following he filed a short memorandum stating that
"while it is true that there is testimony that from the place
of business there emitted a large amount of smoke, gases, &c.,
I am unable to find that the smoke and gases constitute *such*
a nuisance as would entitle the complainant to relief." He
thereupon advised a decree dismissing the bill and from the
consequent decree the present appeal is taken.

The complainant's right to relief rests upon the theory that
the conduct of the defendant's business constitutes a private
nuisance by which she is specially injured. A private nuisance
has been defined in the case of *Kroecker* v. *Camden Coke Co.*,
*82 N. J. Eq. 385*, by the present chancellor, who, quoting from
Lord Romilly in the case of *Crump* v. *Lambert, L. R. 3 Eq.
409*, says: "I consider it to be established by numerous de-
cisions that smoke, unaccompanied with noise or noxious
vapor, that noise alone, that offensive vapors alone, although
not injurious to health, may severally constitute a nuisance
to the owner of adjoining or neighboring property.  *   *   *

*101 N. J. Eq.* Ross *v.* Denan.

The real question in all the cases is the question of fact, viz., whether the annoyance is such as materially to interfere with the ordinary comfort of human existence."

That the evidence in this case establishes a nuisance within the definition thus given we think is not open to doubt; nor can the necessities of the business be appealed to as a justification for the emission of the offensive elements which seriously affect the complainant's enjoyment of her home. It is suggested in the testimony and argued in the brief that the character of the neighborhood and the humble nature of the complainant's home affect adversely complainant's right to relief. Such a claim cannot be recognized or tolerated. While a distinction has been made in the cases between communities devoted to business and manufacturing purposes and those sections which are purely residential, whether the home be humble or palatial, it stands before the law with equal rights. The complainant was entitled to live in her residence without being deprived of its comfort and enjoyment.

If, as was held in *Wallace & Tiernan* v. *United States Cutlery Co., 128 Atl. Rep. 872; affirmed, 130 Atl. Rep. 920,* vibrations which affect only an upper floor of a building in which the complainant has set up a special type of delicate appliances for use in its laboratory will justify an injunction; gases, odors, smoke and soot of the character existing in the present case permeating the entire house require like favorable action at the hands of the court to protect the complainant in the use and enjoyment of her home.

The decree will be reversed with direction to the court below to enter a decree in accordance with the views expressed in this opinion.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.