HOWARD BAUM, TRADING, ETC., PROSECUTOR, v. JOHN H. COOPER, JUDGE, ET AL., DEFENDANTS.

Argued January 18, 1944—Decided June 8, 1944.

Before Justices PARKER, HEHER and PERSKIE.

For the prosecutor, *Julius Stein.*

For the defendants, *Calvin S. Koch.*

The opinion of the court was delivered by

PARKER, J.   The question before us is the legal propriety of a conviction of the prosecutor in the Second Criminal Judicial District Court of the County of Hudson, of violation of an ordinance of the Town of Kearny, passed July 14th, 1943, and entitled "An ordinance to suppress and regulate loud and unnecessary noises and to prevent nuisances in the Town of Kearny, in the County of Hudson and State of New Jersey, and providing penalties for the violation thereof."   Section 1 provides that "it shall be unlawful for any person or persons, firm or corporation, within the corporate limits of the Town of Kearny, to make, aid, continue, or cause to be made, aided or continued any loud, unnecessary, improper or offensive noises, vocally or by the blowing of a whistle or whistles, a horn or horns, or by the ringing of a bell or bells or by the operation of a machine or machines,

or otherwise, which either annoys, injures or endangers the comfort, repose, health or safety of other persons." Section 2 prescribes a penalty of not over $200 fine, or not over ninety days imprisonment, or both. The charge was that prosecutor, on August 25th, 1943, did at a stated address in Kearny "operate machinery in a noisy, offensive, annoying and injurious manner, endangering the comfort, repose, health and safety of other persons, at all hours of the day and night," in violation of the ordinance. The trial was without jury. The court found the defendant "guilty as charged" and imposed a fine of $25. This the present writ brings up for review.

The premises in question are what is commonly known as a machine shop, and have been operated as such since 1919, when the neighborhood was sparsely inhabited, if at all. As a result of the war, prosecutor has taken contracts calling for a greater and to a certain extent a different output, and increasing the noise emanating from his plant, and this seems to have prompted the ordinance.

Generally speaking, we consider that the situation is decidedly one for resort to the Court of Chancery, by bill to restrain an alleged nuisance, and for ascertainment by that court in a particular case, and after hearing the parties, whether an actionable nuisance exists, rather than for municipal legislation framed in the general language appropriate for a statute but quite obviously, as it seems to us, aimed at an individual case.

The language descriptive of the noise may be taken either conjunctively, reading the word "or" as equivalent to "and" (*Standard Underground Cable Co.* v. *Attorney-General*, 46 *N. J. Eq.* 270 (at *pp.* 272, 277)) or disjunctively. The former seems indicated by the phrase "loud *and* unnecessary noises" in the title. On that theory, the evidence does not support the conviction. The noises of a machine shop are doubtless loud; but it cannot be said that they are intrinsically unnecessary, improper, or offensive, and the proof fails to indicate any of these characteristics. On the other hand, if the language be construed disjunctively, a "loud" noise without more, would fall under the ban, though it were the

whistle of a train, the noise of an automobile horn, or the gong of a trolley car: and it is worthy of note that these every-day noises are specifically mentioned in the ordinance. So construed, it is plainly unreasonable and ineffective.

In either aspect, therefore, the conviction was illegal, and accordingly will be set aside, with costs.