STOFFEL SEALS CORPORATION, Plaintiff, *v.* VILLAGE OF TUCKAHOE et al., Defendants.

Supreme Court, Special Term, Westchester County, August 25, 1954.

*Matthew J. Siano* for plaintiff.

*Arthur L. Reuter* for defendants.

DOSCHER, J. Plaintiff, the operator of punch presses, brings this action to declare unconstitutional, invalid, illegal and void subdivision (f) of section 2 of Ordinance No. 34 of the Village of Tuckahoe. Such ordinance was enacted to prohibit " unreasonably loud, disturbing and unnecessary noise ".

Counsel, in order to save the time of the court, agreed upon a statement of facts. The stipulation will be incorporated in this memorandum as the findings of fact and the cause decided on the law.

Beyond cavil, a village is empowered to regulate and prohibit noises (Village Law, § 89, subd. 48-a). This ordinance, however, is challenged as being discriminatory. The particular part of the ordinance here chiefly involved reads as follows: " **(f) The** operation of any noise creating steam engine, stationary internal combustion engine, air compressor, punch press, press brake or pneumatic hammer, either (a) On Sundays, except in case of urgent necessity in the interest of public safety and then only with a permit from the Village Clerk, which permit may be renewed for a period of 3 days or less while the emergency continues; or (b) on week days between the hours of 7 P.M. and 7 A.M. except where the operations are conducted wholly indoors and the noise created by such operations is inaudible outside the premises containing the same."

In the determination of this cause, the village has the presumption of constitutionality (*Matter of Fay,* 291 N. Y. 198). This presumption cannot be overcome by merely showing that plaintiff is put to additional expense (*People* v. *Gerus,* 69 N. Y. S. 2d 283).

The presumption of validity, insofar as applicable to this ordinance, may be overcome by a showing that it is discriminatory or that it has no relation to the comfort, safety or welfare of the village. An examination of the ordinance itself would be the best guide to the determination of the questions whether (1) the ordinance is generally applicable and (2) it is a proper exercise of the police power.

The analysis of this ordinance can best be started with its heading. This may be used as an aid to construction (*People v. Realmato,* 294 N. Y. 45) or to determine legislative intent (*Zajic* v. *Sikora Realty Corp.,* 252 App. Div. 343). In the case at bar, the village board intended to prohibit "unreasonably loud, disturbing and unnecessary noise" — not every sound or noise regardless of intensity.

Section 1 of the ordinance reads as follows: "SECTION 1. Subject to the provisions of this section, the creation of any unreasonably loud, disturbing and unnecessary noise is prohibited. Noise of such character, intensity, duration or repetition as to be detrimental to the life or health of any individual or of the public, is prohibited." Again we find unreasonableness and detriment to health the governing factors.

Section 2 (which includes the subdivision under attack) *declares* certain acts to be loud, disturbing and unnecessary noises. The key words in most of the subdivisions are "unreasonably loud", "disturb the quiet", "unnecessary", "annoys", "excessive" and similar words. In the subdivision under attack, however, *any* noise audible outside a building is prohibited and subjects the operator of the machine to a penalty.

As indicated above, there is no question but that, under the police power, the village can regulate or prohibit noises which may affect the public health or safety. What effect would a barely audible noise heard outside a building in a business district have on the public health or safety? The question answers itself. Why should the noise from one type of machine be prohibited per se, when a noise of possibly greater intensity made by another type of machine not be prohibited unless it annoys, injures or endangers the comfort, repose, health or safety of others? No justification appears to this court.

This ordinance, by its terms, discriminates against the operation of the types of machines enumerated in subdivision (f) of section 2 and does not afford the operator the equal protection of the law. Even the police power cannot save this type of legislation.

The argument of the village that the sleepless resident who must rally his distressed neighbors to complain and ultimately bear the burden of proof gets slight protection, carries little weight with the court. It is the only protection given to the residents by the village against noisemaking machines or trades other than those enumerated in subdivision (f) of section 2. The operator of one noisemaking machine is entitled to the same protection as the operator of another.

Even though the court is striking down subdivision (f) of section 2, it is not leaving the residents of the village open to annoyance or harassment. Under subdivision (g) of section 2 the making of any noise, during the same hours as fixed in the section being struck down '' which annoys, injures, or endangers the comfort, repose, health or safety of others '' is prohibited.

Judgment for plaintiff shall be settled on notice.