132 N.J. Super. 17 (1975)
331 A.2d 626
STATE OF NEW JERSEY (VILLAGE OF SOUTH ORANGE), PLAINTIFF-APPELLANT,
v.
WILLIAM HOLLAND, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted September 19, 1974.
Decided January 15, 1975.
*21 Before Judges HALPERN, CRAHAY and ACKERMAN.
Messrs. Fox, Schackner, Neagle, Mastrangelo & Gassert, attorneys for appellant (Mr. Harlan E. Schackner on the brief).
No appearance on behalf of respondent.
PER CURIAM.
The defendant was found guilty after trial in the Municipal Court of South Orange of the charge that, in violation of Article 4, Section 15-25(b) of the Revised Ordinances of South Orange, between May 1 and June 1973 he permitted noise of such character, intensity and duration at 300 Valley Street, South Orange, as to disturb the comfort and repose of neighboring individuals. He was fined $100 plus $10 costs. He filed an appeal to the County Court, and upon the decision of that court that the ordinance was invalid, this appeal was filed by the Village.
Article 4 of the Revised Ordinance is entitled "NOISE". Section 15-25 provides as follows:

15-25. Creation of loud or unnecessary noise prohibited.
(a) The making, creation or permitting of any unreasonably loud, disturbing or unnecessary noise in the Village is hereby prohibited.
(b) The making, creating or permitting of any noise of such character, intensity or duration as to be detrimental to the life, health or welfare of any individual or which either steadily or intermittently annoys, disturbs, injures or endangers the comfort, repose, peace or safety of any individual is hereby prohibited.
*22 The county court judge held that Section 15-25(b) was unconstitutional, apparently on the theory that it was so broad that it violated the due process clauses of the State and Federal Constitutions. Relying upon the fact that Section 15-25(a) of the ordinance contains the word "unnecessary" in referring to the noises prohibited while Section 15-25(b) does not, he concluded:
I feel that Section [15-25(b)] is not constitutional, in that it bans noises of certain characters without any weighing of the necessity of them.
He further stated:
In the case before me I don't have the word `unnecessary' used in Section [15-25(b)]. I don't think that I can in propriety borrow a word from Section [15-25(a)] to lend it to Section [15-25(b)] to make an ordinance valid.
We are of the opinion that he erred and reverse.
It has long been established that municipalties in this State have the authority to adopt ordinances regulating or preventing loud, disturbing and unnecessary noises which are detrimental to the public health and welfare. N.J.S.A. 40:48-1, N.J.S.A. 40:48-2; Del Vecchio v. South Hackensack Township, 49 N.J. Super. 44 (App. Div. 1958); Weil v. Ricord, 24 N.J. Eq. 169 (Ch. 1873) and cases cited infra. Of course, such ordinances must comply with certain standards. An ordinance such as this one, providing penalties for violations, is essentially criminal in nature and is invalid if it is so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application. The test is whether the ordinance adequately informs persons of the thing they are forbidden to do. See State v. New York Central R. Co., 37 N.J. Super. 42, 46-47 (App. Div. 1955). However, there are certain well settled rules of interpretation and construction to aid in this determination which the court below failed to properly apply and follow.
*23 In the first place, the ordinance is presumed to be valid and the burden is on the party challenging it to establish to the contrary. It is further presumed that the legislating authorities promulgating the ordinance acted with existing constitutional law in mind and intended the ordinance to function in a constitutional manner. The further presumption is that an ordinance will not be declared inoperative and unenforceable unless it is plainly in contravention of a constitutional mandate or provision. Even though it may be open to a construction which would render it unconstitutional or permit its unconstitutional application, it is the duty of a reviewing court to so construe the ordinance as to render it constitutional if it is reasonably susceptible to such construction. State v. Profaci, 56 N.J. 346 (1970); see State v. Zito, 54 N.J. 206, 218 (1969); Camarco v. City of Orange, 61 N.J. 463 (1972); State v. Rosenfeld, 62 N.J. 594 (1973); Del Vecchio v. South Hackensack Township, supra.
In legislating with respect to disturbances of the peace and, specifically with respect to noise, it is recognized that the very subject matter renders specific and precise definitions of prohibited conduct difficult to formulate. Whether a given noise disturbs the public peace depends upon the circumstances of the particular case, and it is impractical to spell out rigid legislative criteria. It is therefore well established that in this regard, where the conduct intended to be prohibited is not fairly susceptible of definition in other than general language, there is no constitutional impediment to its use. The fact that there may be marginal cases in which it is difficult to determine the side of the line on which a particular fact situation falls is not a sufficient reason to hold the language too ambiguous to define a penal offense. State v. New York Central R. Co., supra, 37 N.J. Super. at 47-48; State v. Smith, 46 N.J. 510 (1966) cert. den. 385 U.S. 838, 87 S.Ct. 85, 17 L.Ed.2d 71 (1966). In the latter case, where the Supreme Court sustained a statute which provided that "Any person who *24 by noisy or disorderly conduct disturbs or interferes with the quiet or good order of any place of assembly ... is a disorderly person", Chief Justice Weintraub said:
"... defendant says the statute is void for vagueness because it does not spell out the degree of noise or the details of a disorder which will offend. Of course, the statute does not do so in specific terms, and it may be doubted that the ingenuity of man could meet that demand if the Constitution made it. But the Constitution does not insist upon the impossible. It asks only what the subject will reasonably permit, and hence if there is a public interest in need of protection, due process does not stand in the way merely because the subject defies minute prescription". [at 518].
In applying these principles, a reviewing judge should not give undue emphasis to the presence or absence of a single word. The import of the ordinance should be examined in the context of the entirety of its language. The title of the ordinance may be referred to in aid of its construction, and it has long been settled that the disjunctive "or" in an ordinance or statute may be construed as the conjunctive "and" if to do so is consistent with the legislative intent. See Baum v. Cooper, 131 N.J.L. 574, 575 (Sup. Ct. 1944); Murphy v. Zink, 136 N.J.L. 235, 239 (Sup. Ct. 1947) aff'd. 136 N.J.L. 635 (E. & A. 1948). Moreover, as pointed out in State v. New York Central R. Co., supra, 37 N.J. Super. at 48-49, the language in an ordinance prohibiting an activity tantamount to a common law nuisance may be defended for adequacy of definition of the offense on the basis of the common law construction and application of the language in the definition of such a nuisance. Indeed, when one examines the precedents, it is perfectly clear that the draftsman of this ordinance was not simply improvising on his own. He drew upon common law definitions and upon the text of other ordinances which have passed constitutional muster.
In confining his decision in the manner in which he did to a consideration of the narrow question of the effect as a matter of grammar of the presence of the single word "unnecessary" *25 in Section 15-25(a) and its absence in Section 15-25(b), the judge below lost sight of the above rules and ignored the pertinent precedents. There is not the slightest doubt that the governing authorities of South Orange in adopting these sections of this ordinance intended to prohibit noises which would disturb the peace and would constitute common law nuisances. Section 15-25(b), which defendant was found to have violated, contains two alternative provisions. It prohibits the making of any noise "of such character, intensity or duration as to be detrimental to the life, health or welfare of any individual" or which "annoys, disturbs, injures or endangers the comfort, repose, peace or safety of any individual". The words used in the first alternative appear, among other places, in a municipal ordinance relating to noise which was held valid in Stoffel Seals Corporation v. Village of Tuckahoe, 206 Misc. 597, 134 N.Y.S.2d 114 (Sup. Ct. 1954). The language of the second alternative is that of a classic definition of a nuisance which appears in the opinions in many decided cases and in many statutes throughout the country, see Hummel v. State, 69 Okl. Cr. 38, 99 P.2d 913, 919 (Cr. Ct. App. 1940); State v. Paggett, 8 Wash. 579, 36 P. 487, 488 (Sup. Ct. 1894); Colton v. South Dakota Central Land Co., 25 S.D. 309, 126 N.W. 507 (Sup. Ct. 1910); 2A Matthews, Municipal Ordinances, par. 40.55, § 39 (1973), and appeared in the ordinance which was involved in Baum v. Cooper, supra.
From the beginning our cases dealing with nuisances based upon noise have held that the matter is a relative one, requiring the weighing of the competing interests and rights of the parties in each case, and that to constitute a nuisance and a disturbance of the peace a noise must be an unreasonable one in the circumstances or cause material annoyance. The leading case, and the one most often cited, is Benton v. Kernan, 130 N.J. Eq. 193 (E. & A. 1941) which laid down the test that "A noise may constitute an actionable nuisance ... but it must be a noise which affects injuriously the health or comfort of ordinary people in the vicinity to an unreasonable *26 extent", and it "... becomes actionable only when it passes the limits of reasonable adjustment to the conditions of the locality and of the needs of the maker to the needs of the listener" [at 198]. See Reilly v. Curley, 75 N.J. Eq. 57 (Ch. 1908); Kroecker v. Camden Coke Co., 82 N.J. Eq. 373 (Ch. 1913); Peragallo v. Luner, 99 N.J. Eq. 726 (Ch. 1926); Ross v. Denan, 101 N.J. Eq. 281 (E. & A. 1927); Damadio v. Levinsohn, 111 N.J. Eq. 84 (Ch. 1932); Kosich v. Poultrymen's Service Corp., 136 N.J. Eq. 571 (Ch. 1945); Oechsle v. Ruhl, 140 N.J. Eq. 355 (Ch. 1947); Lou Menges Organization v. North Jersey Quarry Co., 3 N.J. Super. 494 (Ch. Div. 1949); State v. Mundet Cork Corp., 8 N.J. 359 (1952) cert. den. 344 U.S. 819, 73 S.Ct. 14, 97 L.Ed. 637 (1952); Hrycenko v. Bd. of Adjustment, Elizabeth, 27 N.J. Super. 376 (App. Div. 1953); Sans v. Ramsey Golf & Country Club, Inc., 29 N.J. 438 (1959); aff'g 50 N.J. Super. 127 (App. Div. 1958); Protokowicz v. Lesofski, 69 N.J. Super. 436, 444-445 (Ch. Div. 1961); Weber v. Pieretti, 72 N.J. Super. 184 (Ch. Div. 1962) aff'd 77 N.J. Super. 423 (App. Div. 1962) certif. den. 39 N.J. 236 (1963); cf. Cranberry Lake Quarry Co. v. Johnson, 95 N.J. Super. 495 (App. Div. 1967) certif. den. 50 N.J. 300 (1967).
The judge below should have taken guidance from the above authorities, and should have held, as urged by appellant, that Section 15-25(b) prohibits unreasonable or unnecessary noises. He should have read such qualification into the text of the ordinance by using any one or all of the following methods in aid of statutory interpretation. He could have applied the principles of noscitur a sociis, drawing upon the text of the ordinance in its entirety including Section 15-25(a), which contains both the words "unreasonable" and "unnecessary". He could have looked to the title of Section 15-25, "Creation of loud or unnecessary noise prohibited", and, following Baum v. Cooper and Murphy v. Zink, supra, held that the word "or" should be read as "and" with the consequence that Section 15-25(b) be construed to prohibit *27 "loud and unnecessary" noises, i.e. unreasonable noises.[1] Or, drawing upon the benefit of illumination by judicial use and interpretation of the language actually employed in Section 15-25(b), he could have simply held, following the principle of Benton v. Kernan and many other cases, that a noise which "annoys, disturbs, injures or endangers the comfort, repose, peace or safety of any individual" is one which is unreasonable or unnecessary in the circumstances. We mention those alternative rationales, all acceptable for arriving at the proper construction of the ordinance, simply to point up the fact that the language of the ordinance is reasonably susceptible to such interpretation, applying ordinary, established rules of construction.
Judge Conford's decision in State v. New York Central R. Co., supra, provides a persuasive precedent for this interpretation of the ordinance. Baum v. Cooper, supra, relied on by the court below, does not require or justify a contrary result. There a municipal ordinance, entitled "An ordinance to suppress and regulate loud and unnecessary noises and to prevent nuisances ...", provided that it was unlawful to "make ... any loud, unnecessary, improper or offensive noises ... which either annoys, injures or endangers the comfort, repose, health or safety of other persons". The defendant, who was convicted in the municipal court of violating the ordinance, had operated a machine shop for 25 years, starting when the neighborhood was sparsely inhabited, if at all, and he had taken on additional work causing an increase in noise because of the war. This apparently prompted the *28 passage of the ordinance. In reversing the conviction, the court said:
The language descriptive of the noise may be taken either conjunctively, reading the word "or" as equivalent to "and" (Standard Underground Cable Co. v. Attorney-General, 46 N.J. Eq. 270 (at pages 272, 277)) or disjunctively. The former seems indicated by the phrase "loud and unnecessary noises" in the title. On that theory, the evidence does not support the conviction. The noises of a machine shop are doubtless loud; but it cannot be said they are intrinsically unnecessary, improper, or offensive, and the proof fails to indicate any of these characteristics. On the other hand, if the language be construed disjunctively, a "loud" noise without more, would fall under the ban, though it were the whistle of a train, the noise of an automobile horn, or the gong of a trolley car: and it is worthy of note that these every-day noises are specifically mentioned in the ordinance. So construed, it is plainly unreasonable and ineffective.
In either aspect, therefore, the conviction was illegal, and accordingly will be set aside, with costs. [131 N.J.L. at 575-576].
The court in the Baum case did not hold that the ordinance before it was unconstitutionally indefinite, and its remarks must be taken in the light of the specific case before it. See State v. New York Central R. Co., supra, 37 N.J. Super. at 49.
We therefore conclude that the proper construction of Section 15-25(b) is that it prohibits "loud and unnecessary" noises, i.e. those which are unreasonable in the circumstances, and that as so construed, it fairly apprises the public and the defendant of what it proscribes. It is not unconstitutional for vagueness.
One additional point requires mention. We have considered the merits of this appeal on the assumption that the court below and the parties were proceeding in accordance with the specific terms of R. 3:23-8(d) and R. 3:10-3. Those rules provide that the defense of unconstitutionality of a statute or ordinance may be raised only by motion before trial or within ten days after a guilty verdict and that such defense should not be considered during trial. The rules were adopted to avoid problems of double jeopardy and to preserve the right of appeal by the State or a subdivision thereof from an adverse determination with respect *29 to the constitutionality of a statute or ordinance. See N.J. Const. (1947), Art. I, par. 11; City of Newark v. Pulverman, 12 N.J. 105 (1953); State v. Fiore, 69 N.J. Super. 122 (App. Div. 1961) certif. den. 36 N.J. 142 (1961); Paramus v. Martin Paint, 128 N.J. Super. 138 (App. Div. 1974). They complement R. 2:3-1(b) which specifically limits the right of the State to an appeal from "a judgment of the trial court entered before or after trial dismissing an indictment, accusation or complaint". [Emphasis supplied].
The question is one of appealability under the rules. State v. Sims, 65 N.J. 359 (1974); State v. Kluber, 130 N.J. Super. 336 (App. Div. 1974). The court below was, of course, free to schedule the "trial" of the matter before it to comply with the rules and to revise or change such scheduling if necessary. Normally, since the trial of an appeal of this type by the County Court pursuant to R. 3:23-8 is simply a hearing de novo on the record below, no oral testimony is taken and no "trial" in the traditional sense scheduled or required. The court below did not consider or pass upon whether the testimony before the municipal court was sufficient to sustain the conviction. Only the constitutional question was considered. Since nothing appears in the record to the contrary, we assume, in view of the content of the argument before it and the nature of its inquiry and determination, that the court below was proceeding on motion `"before trial" which was impliedly, if not expressly, postponed to a later date in order to comply with the rules.
We also note that the judgment entered by the county court was one that the defendant was "not guilty". The proper judgment to be entered, in view of the basis for the court's ruling, was one of dismissal of the complaint. R. 3:10-5. The entry of the incorrect form of judgment in the circumstances did not deprive the State of the right to appeal. State v. Emmett, 108 N.J. Super. 322 (App. Div. 1970); State v. Kluber, supra.
Reversed and remanded to the County Court for further proceedings in accordance with this opinion.
NOTES
[1] An "unnecessary" noise in this context is the same as the "unreasonable" noise. As stated in State v. New York Central R. Co., supra, "As to what may be regarded as `unnecessary' noise, the cases again afford judicial expressions in aid of interpretation. In Benton v. Kernan, 130 N.J. Eq. 193, 198 (E. & A. 1941), there was approved the asseveration by another state court that noise is an actionable nuisance `only when it passes the limits of reasonable adjustment to the conditions of the locality and of the needs of the maker to the needs of the listener' ..." [37 N.J. Super. at 49].