**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3457-20

IN THE MATTER OF
GABRIEL NAZARIO RAMIREZ,
POLICE OFFICER (S9999A),
NORTH BRUNSWICK.

_____

Submitted September 20, 2022 – Decided October 11, 2022

Before Judges Messano and Rose.

On appeal from the New Jersey Civil Service Commission, Docket No. 2021-876.

Anyanwu & Associates, LLC, attorneys for appellant Gabriel Nazario Ramirez (Evans C. Anyanwu, on the briefs).

DeCotiis, Fitzpatrick, Cole & Giblin, LLP, attorneys for respondent Township of North Brunswick (Katie Mocco and Taylor Wood, on the brief).

Matthew J. Platkin, Acting Attorney General, attorney for respondent New Jersey Civil Service Commission (Pamela N. Ullman, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Petitioner Gabriel Nazario Ramirez appeals from a May 3, 2021 final decision of the Civil Service Commission, upholding the Township of North Brunswick's removal of his name from its 2020 police officer eligibility list for falsifying his application and historically posting discriminatory remarks on his social media accounts. Because we conclude petitioner failed to demonstrate the Commission's final decision was arbitrary, capricious, or unreasonable, we affirm.

I.

The facts underpinning petitioner's removal are not disputed. After petitioner successfully passed the Township's examination for police officers, on July 15, 2020, the Commission certified his name to the Township for consideration of employment. On September 16, 2020, petitioner applied for employment with the Township and was ranked on the list of eligible candidates. As part of the application process, petitioner completed the Township's Pre-Employment Background Investigation (PEBI) form and certified his responses.

Following its investigation, on November 24, 2020, the Township requested the Commission remove petitioner's name for "falsifying his background application." The Township's notice of removal cited discrepancies pertaining to petitioner's residential history and driving record. The final

2

paragraph of the Township's notice also referenced petitioner's historic social media posts,[1] as follows:

> During this application process there were no social media accounts located for [a]pplicant. The [a]pplicant previously applied for the North Brunswick Township Police Department and was subsequently removed then for falsifying his [2018] background application. While conducting our previous background investigation we found social media postings the applicant made using the wording of "Nigga" and "Fag" on some social media postings. We were able to print them out and they are also attached. Although this finding is not classified as a falsification of application we wished to provide it as well. We find this offensive and out of character for someone who wishes to be a North Brunswick Police Officer.

Petitioner was not provided a copy of the Township's November 24, 2020 notice of removal. On December 1, 2020, the Commission sent petitioner a Certification Disposition Notice (CDN), indicating his name was removed from the eligibility list for falsifying his application. The CDN did not reference the social media posts or the 2018 investigation.

---

[1] According to the December 5, 2018 CDN contained in petitioner's appendix on appeal, his name was removed from the eligibility list for falsifying his application. We glean from the record, during its 2018 background investigation, the Township discovered "offensive" comments posted to petitioner's then-active social media accounts.

The procedural posture that followed petitioner's removal underscores the basis of his contentions on appeal. Following receipt of his removal notice, on December 7, 2020, petitioner emailed the Commission advising the Township had not provided any supporting documentation for its decision. In response, the Commission attached a copy of the applicable regulation and advised petitioner of his right to ask the Township for "the information that [he] falsified" so that he would "have an argument to substantiate the appeal." In response to petitioner's ensuing requests, the Township stated "all relevant discovery" would be provided "[u]pon appeal."

On December 23, 2020, the Commission received petitioner's pro se administrative appeal. Documenting his various attempts to obtain the Township's supporting documentation and citing the Township's failure to comply with the governing regulation's procedures, petitioner sought reinstatement to the eligibility list. As to the merits, petitioner generally contended he had "documented precisely all the questions and accurately completed each page" because he had "discrepancies in the 2018 application and did not want any problems with [his] 2020 application." Petitioner speculated the Township had "discriminated" against him because, unlike the other officers on the eligibility list, he was not a current police officer.

4

On January 26, 2021, the Commission acknowledged receipt of petitioner's appeal, and directed the Township to provide petitioner all documentation supporting its notice of removal by February 6, 2021. Following petitioner's repeated requests, on February 23, 2021, the Township emailed the Commission and petitioner a three-page letter, with supporting documentation, explaining its reasons for petitioner's removal.

As to its falsification finding, the Township cited petitioner's nearly ten-year omission of prior residences and his failure to disclose one of two 2012 motor vehicle accidents. The Township attached petitioner's PEBI form and certified driver abstract evidencing these omissions. Citing the Policy Prohibiting Discrimination in the Workplace, see N.J.A.C. 4A:7-3.1 and -3.2, and N.J.S.A. 11A:7-3, the Township also found petitioner "made discriminatory comments on the basis of race and sexual orientation" in his social media posts. Copies of the postings were attached to the Township's submission. The Township did not, however, annex petitioner's 2018 application to its February 23, 2021 correspondence.

Dissatisfied with the documentation provided by the Township, on February 25, 2021, petitioner emailed the Commission requesting his entire 2018 and 2020 applications. The Commission replied that any challenges to the

A-3457-20

sufficiency of the documentation could be included in petitioner's formal response.

In his March 17, 2021 correspondence to the Commission, petitioner again requested "all supporting documentation provided by [him]" for the application process including emails and letters sent via regular mail. Petitioner maintained he "need[ed] this information to complete a proper appeal process as described in Title 4A." Petitioner did not defend his falsified statements or his social media comments.

The next day, petitioner emailed the Township's counsel, generally contending he had previously explained the content of his social media postings to the detectives who had conducted his 2018 background investigation. Petitioner further asserted no detective had contacted him about his 2020 application, evidenced by the Township's "quick" removal of his name from the eligibility list.

On March 17, 2021, petitioner emailed the Commission, without copying the Township. Petitioner claimed the appointing authority was "trying everything in its power to disqualify this disabled veteran from becoming an officer."

In a comprehensive final decision issued on May 3, 2021, the Commission upheld the Township's determination. The Commission thoroughly reviewed petitioner's contentions in view of the governing regulations and caselaw. Finding the Township provided the required documentation after petitioner filed his administrative appeal, the Commission concluded petitioner was afforded "a full opportunity" to address the Township's determination. However, petitioner "offered no substantive response to the falsification allegation."

The Commission acknowledged the Township's notice of removal included petitioner's "discriminatory social media posts," but the Commission's initial notice to the petitioner only cited "the falsification issue due to limitations of its systems." However, because the Township ultimately notified petitioner that its decision was based both on petitioner's false statements and his social media posts, the Commission was convinced petitioner had an opportunity to address his offensive comments. The Commission found petitioner nonetheless failed to provide a substantive response. The Commission thus concluded petitioner's "racially and sexually discriminatory comments" evinced the lack of good judgment required for municipal law enforcement officers. This appeal followed.

On appeal, petitioner raises the following points for our consideration:

A-3457-20

## POINT I

THE REVIEWING BODY BELOW ABUSED ITS DISCRETION IN HOLDING THAT A PRIOR APPLICATION IS IRRELEVANT AND NOT REQUIRED TO BE PRODUCED, EVEN WHEN REFFERENCED IN PART TO SUBSTANTIATE REMOVAL FROM EMPLOYMENT CONSIDERATION.

## POINT II

REFERENCE TO [NAZARIO-RAMIREZ]'S 2018 APPLICATION MATERIAL WAS UNNECESSARY, AS UNDER ITS OWN RULES, THE [COMMISSION] COULD HAVE REMOVED [NAZARIO-RAMIREZ] WITHOUT REFERENCE TO THE 2018 MATERIALS.
(Not Raised Below)

More particularly, petitioner does not contest the Commission's findings that he falsified his 2020 application or posted discriminatory remarks on his social media accounts. Indeed, petitioner acknowledges the "omissions, alone, would have sufficed for the removal of [his] name from the eligibility list[]." At best, petitioner summarily contends his offensive remarks were taken "out-of-context." However, the crux of petitioner's argument is that his right to due process was violated by the Township's failure to provide his 2018 investigatory file, notwithstanding his repeated requests. Petitioner maintains the Commission erroneously considered the Township's 2018 investigation of his

8

social media posts. He claims the Township's failure to provide his 2018 file "foreclosed his inquiry" as to whether the social media posts were a pretextual reason for his removal.

For the first time on appeal, petitioner suggests because the Commission could have reached its decision without consideration of his social media posts, its decision has adversely affected his employment prospects. To support his argument, petitioner asserts the Middlesex County Sheriff's Office terminated his employment on June 17, 2021, based on the Commission's May 3, 2021 decision in this matter.

The Township counters it complied with the governing regulations by providing petitioner "copies of all materials sent to the Commission and all documents and arguments upon which it based its request." Contending it neither relied on nor referenced the petitioner's 2018 application in its decision, the Township claims it cited two reasons for its decision: petitioner's untruthful responses on his 2020 application; and (2) its possession of petitioner's offensive social media posts. In its statement in lieu of brief, the Commission joins the Township in urging us to affirm.

II.

"Judicial review of agency determinations is limited." Allstars Auto Grp, Inc. v. New Jersey Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018). An agency decision will be upheld "unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." In re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008); see also In re Stallworth, 208 N.J. 182, 194 (2011).

A reviewing court "affords a 'strong presumption of reasonableness' to an administrative agency's exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014) (quoting Newark v. Nat. Res. Council, Dep't of Envtl. Prot., 82 N.J. 530, 539 (1980)). That presumption is particularly strong when an agency is dealing with specialized matters within its area of expertise. Newark, 82 N.J. at 540. We therefore defer to "[a]n administrative agency's interpretation of statutes and regulations within its implementing and enforcing responsibility." Wnuck v. N.J. Div. of Motor Vehicles, 337 N.J. Super. 52, 56 (App. Div. 2001). We do not substitute our judgment for that of the agency and, if there is any argument supporting the

10

agency action, it must be affirmed. Clowes v. Terminix Int'l, Inc., 109 N.J. 575, 587 (1988); see also Stallworth, 208 N.J. at 194-95.

"The burden of demonstrating that the agency's action was arbitrary, capricious or unreasonable rests upon the person challenging the administrative action." In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div. 2006). "However, we are not bound by the agency's interpretation of a statute or resolution of a question of law." In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001).

Placement on a civil service eligibility list does not grant the applicant the right to be employed. In re Foglio, 207 N.J. 38, 44 (2011). "'[T]he best that can be said' of a candidate on an eligible list is that [the candidate] has 'a right to be considered for appointment.'" Id. at 44-45 (quoting Nunan v. N.J. Dep't of Pers., 244 N.J. Super. 494, 497 (App. Div. 1990)) (alteration in original). Pursuant to its regulations, the Commission is authorized to remove an individual from an eligibility list for various reasons. See N.J.A.C. 4A:4-4.7(a).

Pertinent to this appeal, in conjunction with N.J.A.C. 4A:4-6.1, N.J.A.C. 4A:4-4.7(a)(1) permits the removal of an eligible person from an employment list when that individual "[h]as made a false statement of any material fact or attempted any deception or fraud in any part of the selection or appointment process," N.J.A.C. 4A:4-6.1(a)(6), or for "[o]ther sufficient reasons," N.J.A.C.

11

4A:4-6.1(a)(9).  Moreover, pursuant to the long-established policy of this State, municipal police officers are held to a high standard of integrity and public trust and confidence.  See N.J.S.A. 40A:14-122(4) (requiring police officers to have "good moral character").  As we stated nearly sixty years ago in Moorestown v. Armstrong, 89 N.J. Super. 560, 566 (App. Div. 1965):

> It must be recognized that a police officer is a special kind of public employee.  His primary duty is to enforce and uphold the law.  He carries a service revolver on his person and is constantly called upon to exercise tact, restraint and good judgment in his relationship with the public.  He represents law and order to the citizenry and must present an image of personal integrity and dependability in order to have the respect of the public.

See also In re Phillips, 117 N.J. 567, 576 (1990).  Accordingly, the Commission is authorized to remove an individual from an eligible list based on the person's background and its adverse relationship to the nature of the position.

Following removal, the appointing authority's decision may be appealed.  N.J.A.C. 4A:4-6.3(a).  The appointing authority must submit all documents related to the removal to the Commission "no later than the date for disposition of the certification."  N.J.A.C. 4A:4-4.7(b).  The regulation further provides: "Upon request of the eligible or upon the eligible's appeal, the appointing authority shall provide the eligible with copies of all materials sent to the appropriate Commission representative."  N.J.A.C.  4A:4-4.7(b)(1) (emphasis

12

added).  Failure to do so, "may" result in denial of appointing authority's request for removal.  N.J.A.C. 4A:4-4.7(b)(2).  Except for reasons that are not appliable here, the burden of establishing removal from the civil service list rests with the appellant.  N.J.A.C. 4A:4-6.3(b).

Applying those standards in view of the record and the contentions raised on appeal, we find no basis to reverse the Commission's decision.  Pursuant to our limited standard of review, Allstar, 234 N.J. at 157, we affirm substantially for the reasons articulated in the Commission's decision, which "is supported by sufficient credible evidence on the record as a whole," R. 2:11-3(e)(1)(D).  In doing so, we determine the Board's ultimate decision was not arbitrary, capricious, or unreasonable.  Stallworth, 208 N.J. at 194.  We add only the following brief comments.

We recognize the appointing authority's obligation to provide supporting documentation for its findings under N.J.A.C. 4A:4-4.7(b)(1), is written in the disjunctive "or."  In the present matter, the Commission found the Township complied with that regulation because the appointing authority was required "to provide this information upon request or upon appeal."  However, "it has long been settled that the disjunctive 'or' in an ordinance or statute may be construed as the conjunctive 'and' if to do so is consistent with the legislative intent."  State

v. Holland, 132 N.J. Super. 17, 24 (App. Div. 1975). We are not convinced the appointing authority is relieved of its obligation to provide the supporting documentation under N.J.A.C. 4A:4-4.7(b)(1) when the "eligible" requests the information before filing an appeal. The Commission implicitly recognized as much when it advised petitioner of his right to ask the Township for its supporting information prior to filing his administrative appeal. Notably, the Township's reason for denying petitioner's pre-appeal request for the documentation is not contained in the record.

Nonetheless, we further recognize under N.J.A.C. 4A:4-4.7(b)(2) the Commission has the discretion to deny the appointing authority's removal request for failure to comply with N.J.A.C. 4A:4-4.7(b)(1). Here, the Commission not only determined the Township provided the documents on appeal, but also petitioner failed to provide a substantive response to any of the Township's findings. Nor did petitioner contend he was prejudiced by the Township's post-appeal disclosure. We therefore reject petitioner's due process argument. See Kelly v. Sterr, 62 N.J. 105, 107 (1973) ("As long as principles of basic fairness are observed and adequate procedural protections afforded, the requirements of administrative due process have been met.").

14

Finally, we decline to consider the contentions raised in petitioner's point II. Appellate courts normally do not consider an argument raised for the first time on appeal. See State v. Alexander, 233 N.J. 132, 148 (2018). Our Supreme Court "often [has] stated that issues not raised below will ordinarily not be considered on appeal unless they are jurisdictional in nature or substantially implicate the public interest." DYFS v. M.C. III, 201 N.J. 328, 339 (2010). No such interests are implicated here.

To the extent we have not addressed a particular contention, it is because either our disposition makes it unnecessary, or the contention was without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3457-20